234 So.2d 475 (1970)
Mary E. Otwell THOMAS, Executrix, etc., Plaintiff-Appellant,
v.
Margaret V. Brown OTWELL et al., Defendants-Appellees.
No. 3026.
Court of Appeal of Louisiana, Third Circuit.
April 23, 1970.
Rehearing Denied May 27, 1970.
*476 Charley J. Schrader, Jr., and Harold Bodin, Houma, for plaintiff-appellant.
William Henry Sanders, Jena, John M. Sherrill, III, Alexandria, for defendants-appellees.
Before TATE, SAVOY, and HOOD, JJ.
TATE, Judge.
The trial court granted summary judgment dismissing the plaintiff's suit. The plaintiff appeals. The principal issue is whether any genuine issue of material fact precludes the summary judgment remedy. See LSA-CCP Arts. 966-968.
The plaintiff is the executrix of the succession of the late John Otwell. She files this action for declaratory relief. By it, she essentially demands that certain land purchased by the decedent's wife during the marriage be held to be property of the community. Made defendants are the decedent's widow and two transferees from the widow.
The uncontradicted affidavits and attached certified copies of deeds show:
The defendant widow, Mrs. Otwell, purchased the subject property from her father for $3,000 by cash deed dated May 10, 1968, recorded the same day. The deed recited that the property was purchased as her separate and paraphernal property and was purchased with her separate and paraphernal funds. Mrs. Otwell had furnished the purchase price from funds donated to her as her separate property by her daughter.

-1-
The plaintiff-appellant contends that nevertheless there is a disputed issue of fact, in view of the presumption that the property acquired during the marriage by either spouse belongs to the community. She also argues that circumstances surrounding *477 the transaction arouse some suspicion as to their genuineness.
The uncontradicted showing is that the property was acquired by the wife for her separate estate with her separate funds. This, therefore, rebuts the presumption of its community nature. Southwest Natural Production Co. v. Anderson, 239 La. 490, 118 So.2d 897.
To defeat the motion for summary judgment it was incumbent upon the opponent to produce opposing affidavits or depositions indicating there is a factual basis for dispute with the mover's showing. "* * * When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him * * *." LSA-CCP Art. 967 (as amended in 1966).
We also reject the plaintiff's further contention that summary judgment improperly deprives her of the opportunity to question by cross-examination the facts shown by the ex parte and self-serving affidavits. Fontenot v. Aetna Insurance Co., La.App.3d Cir., 225 So.2d 648. The present is not a situation where subjective criteria, such as motive or intent, are inappropriately proven by ex parte affidavits, cf., Roy & Roy v. Riddle, La.App.3d Cir., 187 So.2d 492, nor is it an instance where the uncontradicted showing does not negative a factual dispute, Shird v. Maricle, La. App.3d Cir., 156 So.2d 476. See also Perry v. Reliance Insurance Co., La.App.3d Cir., 157 So.2d 903.
The facts shown by the uncontradicted affidavits could have been controverted or shown to be questionable by counter-affidavits, interrogatories, admissions, or depositions. See LSA-CCP Art. 966. The plaintiff did not choose to do so. Hence, the trial court properly granted summary judgment, since the uncontradicted showing indicates there to be no genuine issue as to any material fact, so that the mover is entitled to judgment as a matter of law. LSA-CCP Art. 966.

-2-
The plaintiff further suggests that a continuance should have been afforded to permit her to obtain affidavits or to take depositions. The minute entry shows that she did not pray for continuance until after the argument and submission and decision for summary judgment against him, Tr. 2.
(The plaintiff did, however, file a motion the day before the hearing and admitted that she could not make or present affidavits of fact in opposition to the motion, Tr. 115, with the alternative prayer that, if the court refused to dismiss the motion, the hearing be continued to permit the taking of depositions, Tr. 116.)
We do not believe that the trial court abused this discretion in refusing to grant a continuance first sought only contingently in the event of adverse decision. We are reinforced in this belief by the absence of any allegation that a factual dispute defeating the summary judgment could actually be shown by means of such continuance. We note further that the motion for summary judgment was filed on September 18 and not heard until November 7 and that, until the day prior to the hearing of fifty days later, the opponent did not attempt to take depositions nor file a motion for a continuance to do so.

-3-
We likewise do not find merit to various other contentions made by the appellant.
She contends, for instance, that summary judgment is not permitted "where the community, paraphernal, or dotal rights may be involved in an action between husband and wife", LSA-CCP Art. 969. The *478 present action does not fall within the prohibition, if only because the action is not between a "husband and wife" but rather between a succession and a widow. Patrick v. Patrick, La.App.2d Cir., 230 So.2d 759.
Again, if we assume the trial court was incorrect in (possibly) accepting as admitted certain facts due to untimely denial, LSA-CCP Art. 1496,nevertheless, the uncontradicted affidavits by themselves disclose there to be no genuine issue of material fact.

-4-
By answer to the appeal, the appellees request damages against the appellant because of her allegedly frivolous appeal. The stringent prerequisites for award of such damages are not present in this case. They are not allowable unless it is obvious that the appeal was taken solely for delay and that counsel is not sincere in view of the law of advocates. Parker v. Interstate Life & Accident Ins. Co., 248 La. 449, 179 So.2d 634.

Decree
For the reasons stated, the judgment of the trial court is affirmed at the cost of the plaintiff-appellant.
Affirmed.