BOUTALL, Judge.
This matter is before the court on an appeal from a summary judgment rendered in favor of plaintiffs and against defendants. The defendants appeal contesting both the right to use summary judgment procedure and the rendition of the summary judgment based upon the affidavits furnished.
This suit was filed on December 3, 1969, by Marian Slipman Loeb, divorced wife of Hilbert S. Loeb, and by Tucker & Schone-kas, a commercial partnership composed of J. Gibson Tucker, Jr. and Russell J. Scho-nekas, against defendants, Hilbert S. Loeb, the divorced husband of plaintiff, and Fountainhead, Inc., seeking a judgment in the amount of $10,000.00 as attorney’s fees due Tucker & Schonekas under a partition agreement entered into by the Loebs. After answer was filed by the defendants, the plaintiffs filed a motion for summary judgment alleging that there are no material facts at issue and that they are entitled to a summary judgment in accordance with the original petition. After a hearing thereon, the trial judge rendered summary judgment in favor of the plaintiffs and against the defendants in solido, and they prosecute this devolutive appeal.
The first issue to be considered is the complaint by the defendants that summary judgment procedure is not permissible in this case. Defendants rely upon the provisions of art. 969 of the Louisiana Code of Civil Procedure which states:
“Judgments on the pleadings and summary judgments shall not be granted in any action for divorce, separation from bed and board, or annulment of marriage, nor in any case where the community, paraphernal, or dotal rights may be involved in an action between husband and wife.”
The defendants urge to us that this is an action between a husband and wife, Marian Slipman Loeb and Hilbert S. Loeb, which arises out of community rights. They contend that, since this action is covered by the plain terms of said article, no summary judgment can issue herein. In order to answer this contention it is necessary to retrace the course of events which leads us to the present suit.
Marian Slipman Loeb originally brought a suit for divorce against Hilbert S. Loeb, and a divorce was subsequently obtained in February, 1969, by Mrs. Loeb in Suit No. 487-409 of the docket of the Civil District Court for the Parish of Orleans. A month or so later, a partition action, Suit No. 490-084, was filed in that court in March, 1969. As a result of that suit, the community was settled and partitioned by a definitive agreement between the parties dated June 11, 1969 (Tr. Pages 13 et seq.) which is filed in the present proceedings. This agreement was entered into by Hilbert S. Loeb and Mrs. Marian Slipman Loeb, at a time when they were divorced, and the other defendant herein, Fountainhead, Inc., intervened in the agreement between those two parties. The partnership of Tucker & Schonekas was not a signatory to the document, but apparently had prepared the document.
Under the terms of the document, Mrs. Loeb received a certain piece of real property subject to the specific indebtedness thereon, and certain movable property. Mr. Loeb received the remainder of all the property, assumed the specific indebtedness thereon, and in addition assumed all of the community debts.
The pertinent parts of the document are as follows:
“ * * * The said Marian Slipman Loeb, as an additional consideration, does hereby set over, assign and quitclaim unto the said Hilbert S. Loeb, any and all interest which she has or may have in and to the above described property which is taken by Hilbert S. Loeb, as his portion of the community.
As an additional consideration and in order to make up to the said Marian *519 Slipman Loeb for any difference which may exist between the value of the properties received by Hilbert S. Loeb over the properties received by Marian Slip-man Loeb, the said Hilbert S. Loeb and Fountainhead, Incorporated hereby assume and obligate themselves to pay and do the following:
1.) Any and all community debts, including the above described written obligations, to be paid by Hilbert S. Loeb.
2.) Hilbert S. Loeb and/or Fountainhead, Inc. will pay to the firm of Tucker & Schonekas, attorneys for Marian Slip-man Loeb, the fee of $10,000.00, in cash, on or before July 1, 1969, as a fee for filing suits and partitioning the community on behalf of Marian Slipman Loeb. Fountainhead, Inc. takes cognizance of this obligation, assumes and ratifies same, and obligates itself as stated above as can be seen by a certified copy of the minutes of a meeting of the Board of Directors of said corporation attached hereto. * * * ”
In addition to the agreements between Mr. and Mrs. Loeb mentioned therein, Hilbert S. Loeb bound himself by the document to sell or donate all of the property he received under the agreement to Fountainhead, Inc. That corporation in addition to the herein above quotation, recites its authority by resolution of the Board of Directors adopted June 9, 1969, copy of which was attached to the document, as follows:
“ * * * The corporation hereby assumes, recognizes and takes cognizance of the debt owed by the corporation to Tucker & Schonekas, Attorneys, for the attorneys’ fees of the community property in the amount of $10,000.00 due and payable on or before July 1, 1969.”
On December 3, 1969, Mrs. Marian Slipman Loeb and Tucker & Schonekas instituted the present suit, alleging that the fee was not paid and praying for judgment against both Mr. Loeb and Fountainhead, Inc. As may be seen by the recitation of the events above, it is apparent that the motion for summary judgment is not prohibited by the terms of article 969. Primarily, we do not consider this as an action between husband and wife. The parties were divorced in February of 1969 and the present suit was not brought until December of 1969. Additionally, the partition suit was brought in March of 1969, at a time when the parties were already divorced, and the agreement, which was signed by these two parties, further recites that Mr. Loeb had already remarried. For a similar interpretation we refer to the case of Patrick v. Patrick, 230 So.2d 759 (La.App.2nd Cir. 1970), which interpretation was enunciated in Thomas v. Otwell, 234 So.2d 475 (La.App.3rd Cir. 1970).
Additionally, we note that there is another aspect of this issue which we must consider, that is, that there are other parties involved in this proceeding. As pointed out by the trial judge, basically this is an action for summary judgment by a law firm for a legal fee. Certainly, Tucker & Schonekas could sue Mr. Loeb and Mrs. Loeb for legal fees without regard to the contract or partition agreement between them. However, the only basis for Tucker & Schonekas to sue Fountainhead, Inc., arises out of the partition agreement wherein Fountainhead, Inc., agreed to pay the legal fee. Tucker & Schonekas was not a party to that agreement but Mrs. Loeb was, and to the extent of the legal fees, there exists a community of interest between her and her attorneys. Under the provisions of LSA-C.C.P. art. 463, Tucker & Schonekas, in order to sue Fountainhead, Inc., must make Mrs. Loeb a party in the suit, and since their interests are identical, she is properly made a party plaintiff.
The purpose of Code of Civil Procedure article 969 is to prevent collusive actions under motion for summary judgment in suits involving the rights of mar *520 ried women. An official comment under LSA-C.C.P. art. 969 states:
“(a) The rules set forth in this article were taken directly from the Pleading and Practice Act, former R.S. 13:3601(4), under which they apply only to the motion for judgment on the pleadings. These rules were extended to the motion for summary judgment to prevent collusive judgments under the motion for summary judgment in divorce actions and other suits involving the rights of married women.”
In the present case we can see no situation wherein collusion could occur amongst the parties and have the effect of destroying or avoiding the rights of anyone else. Thus, we are of the opinion that the maintaining of the motion for summary judgment by the trial court violates neither the specific terms nor the spirit of the article in question.
The other issue before the court is the issue of the sufficiency of proof to enable plaintiffs to obtain a summary judgment. The defendants urge to the court that the affidavit supporting the motion does not contain an allegation that the debt is due. However, the court notes that attached to and made a part of the affidavit is the document sued upon, and that document by its terms recites that the fee was to be paid in cash on or before July 1, 1969.
In opposition to this the defendants have furnished an affidavit of Hilbert S. Loeb in which he recites:
“ * * * that there is a material issue of fact as to whether he is indebted to anyone under the conditions alleged in the Petition filed herein in that there are other proceedings in this court and the Twenty-Fourth Judicial District Court wherein substantial sums of money have been paid over to Plaintiff or Plaintiffs herein which funds have or should have liquidated debts arising herein, if in fact there is a debt arising herein to either of the party Plaintiffs hereto and that, therefore, there should be no amounts due because of the application of funds which has been or should have been made, and that further, only a trial on the merits can determine whether or not the application of said funds have liquidated this debt and should have been used to liquidate this debt * * * ”
The trial court in the Reasons for Judgment had this to say:
“ * * * there has been no contrary evidence that anything has been paid upon it, except a vague affidavit which cites there may be something paid upon it, * * * 11
We agree with the statement of the trial court that this is indeed a vague affidavit. The test is set out in article 967 of the Code of Civil Procedure which reads as follows:
“Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. * * * r>
That article recites that the affidavit must set forth specific facts and, additionally, such facts as would be admissible in evidence. The answer of the defendants *521 simply amounts to an admission or denial of each of the articles of plaintiffs’ petition. In general, the defendants admitted all of the allegations of plaintiffs’ petition, and admitted the partition agreement between them in question here. However, there are no allegations of payment or ex-tinguishment of the obligation in any way. In fact, it is somewhat confusing inasmuch as the answer admits the settlement and then denies the allegations of paragraph XI which reads:
“According to the terms of said agreement and partition the defendants, Hilbert S. Loeb and Fountainhead, Inc. did assume the indebtedness of Marian Slip-man Loeb for her attorneys’ fees for services rendered by the firm of Tucker & Schonekas, your petitioner herein, and agreed to pay said law firm a fee of TEN THOUSAND AND NO/lOO ($10,000.00) DOLLARS in Cash on or before July 1, 1969 as a fee for filing suits and partitioning the community on behalf of Marian Slipman Loeb.”
Thereupon the answer admits the allegations of paragraph XII, which reads:
“Fountainhead, Inc. took cognizance of this obligation assumed and ratified it and obligated itself to pay this obligation in solido with Hilbert S. Loeb as can be seen from Page 13 of the Community Property Partition registered as stated above.”
Insofar as payment is concerned, the only statement in the answer is a denial for lack of sufficient information to justify belief of the allegations of the paragraph XIV which reads:
“That nothing has been paid to the petitioner, Tucker & Schonekas, or to the petitioner, Marian Slipman Loeb, by the defendants herein for said fee, and that your petitioners desire judgment in their favor and against the defendants for the above stated amount.”
 Under our system of pleading, it is necessary that the answer shall set forth affirmatively certain defenses which may be relied upon in responding to the petition. These are set out in LSA-C.C.P. art. 1005, amongst which is:
“ * * * extinguishment of the obligation in any manner * *
The modes of extinguishing obligations are set out in LSA-C.C. art. 2130. Under this status of pleadings, it is obvious that the question of payment or compensation would not be admissible in evidence upon timely objection. We feel that the vague allegations in the affidavit under this situation are not sufficient to create an issue at trial. Furthermore, under the answer as filed, we submit that the defendant, Fountainhead, Inc., has, in fact, admitted the assumption of the obligation. We find no error in the ruling of the trial court.
For the reasons assigned, we affirm the judgment of the trial court granting summary judgment in favor of the plaintiffs and against the defendants in solido. The appellants to pay all costs of this appeal.
Affirmed.