GARRISON, Judge.
This is a suit on a ninety day promissory note executed by Samuel W. Hilton on April 18, 1978 in connection with a loan transaction with Metairie Bank and Trust Company. Plaintiff Richard Juneau, who was an employee of Hilton at the time of the transaction, alleged that he was merely an accommodation endorser on the note. As Mr. Hilton failed to make payment when the note became due, Metairie Bank and Trust Company made demand on Richard Juneau under his endorser’s liability. Mr. Juneau paid the note and brought this suit against Samuel Hilton and Janet Childress Hilton in order to be made whole as an accommodation endorser, alleging that the loan was a debt of the then existing community between the two co-defendants. Janet Childress Hilton answered alleging that the loan was not a community debt, her answer being based upon the affirmative defense of fraud. She further alleged that at the time the note was executed, Samuel Hilton was living in open concubinage with his paramour, Jacqueline Fields, and that as the loan was merely a means of defrauding the community, it was null and void ab initio. Samuel and Janet Childress Hilton were divorced on July 13, 1978, two days prior to the due date of the ninety day note.[1]
On May 4, 1979 plaintiff moved for summary judgment against Samuel Hilton. Janet Childress Hilton moved to dismiss plaintiff’s motion for summary judgment on the ground that plaintiff and Samuel Hilton were plotting to defraud her. On this day, she filed a motion to continue both rules, representing that her attorney contacted plaintiff’s attorney, who agreed to a continuance. The trial judge on May 21, 1979 ordered that the rules be continued.
However, the motion for summary judgment had been brought by plaintiff’s counsel for trial on May 18 and judgment was rendered on that date against Samuel Hilton for the amount of the note plus interest and attorney’s fees. Janet Childress Hilton and her attorney, relying on the continuance, were not present and had no opportunity to be heard. Her rule to dismiss the motion for summary judgment, though assigned for hearing on May 18, was not considered. Janet Childress appeals the summary judgment which we now reverse and remand.
Summary judgment is unavailable to a party in a case where the community rights of a spouse may be affected. C.C.P. Art. 969. Comment (a) to the article observes that it is designed to prevent collusive judgments in suits involving the rights of married women. This is precisely what Janet Childress Hilton fears and has attempted to protect herself against since her initial entrance into the case. Thus, summary judgment was improperly considered and erroneously granted.
Counsel for plaintiff alleges that the judgment rendered will not prejudice Janet Childress’ rights, citing Loeb v. Loeb, 252 So.2d 516 (La.App. 4th, 1971). Loeb was *573 essentially a claim by the wife’s attorney for payment of a fee by the husband in accordance with a final settlement of the community. Accordingly, we conclude that Loeb is not applicable.
For the foregoing reasons, the judgment of the trial court is reversed and the case is remanded to the district court.

REVERSED AND REMANDED.

. The record shows that the community of ac-quets and gains was in existence at the time when the note was confected. Apparently, the co-defendants did not obtain a legal separation prior to the divorce decree.