431 So.2d 18 (1983)
Frank J. ARNONA
v.
ALGIERS HOMESTEAD ASSOCIATION, Hugh E. Humphrey and Lorraine Alice Terrell Arnona.
No. CA-0218.
Court of Appeal of Louisiana, Fourth Circuit.
April 4, 1983.
Rehearing Denied May 24, 1983.
*19 Adelaide Baudier, Metairie, for plaintiff-appellee.
Martin A. Welp, New Orleans, for defendants-appellants.
Before GULOTTA, AUGUSTINE and BYRNES, JJ.
AUGUSTINE, Judge.
This is an action brought by Frank Arnona, against his former wife and the Algiers Homestead, in which he seeks to be recognized as legal owner of certain immovable property he declares is his separate and paraphernal property. The trial court granted a summary judgment recognizing Frank Arnona as the owner in his separate and paraphernal estate of the property located at 1334 Pace Boulevard in the City of New Orleans. His former wife appeals the granting of summary judgment on the basis of Code of Civil Procedure Article 969. Article 969 provides:
Judgments on the pleadings and summary judgments shall not be granted in any action for divorce, separation from bed and board, or annulment of marriage, nor in any case where the community, paraphernal, or dotal rights may be involved in an action between husband and wife.
Mrs. Arnona alleges that summary judgment should not have been granted because this suit involves community rights. We agree and, hereby, reverse the granting of summary judgment.
A survey of the jurisprudence in Louisiana reveals that in each instance in which Article 969 was a defense to the granting of summary judgment, it was held that the facts of the case did not fall within the prohibitions enumerated in the article and thus, summary judgment was affirmed. In those cases, either the husband and wife were not married at the time the suit was instituted, see Patrick v. Patrick, 230 So.2d 759 (La.App. 2d Cir.1970); the suit did not involve a husband and a wife at all, see Thomas v. Otwell, 234 So.2d 475 (La.App. 3d Cir.1970); the subject of the suit was not the "community, paraphernal, or dotal rights" of the spouses, see Loeb v. Loeb, 252 So.2d 516 (La.App. 4th Cir.1971); or there was no possibility of collusion by any of the parties involved, see Martinez v. Posner, Martinez and Padgett, 385 So.2d 525 (La. App. 3d Cir.1980), writ denied 393 So.2d 727. c.f. Juneau v. Hilton, 384 So.2d 571 (La.App. 4th Cir.1980).
The present case between Mr. Arnona, Mrs. Arnona and Algiers Homestead is distinguishable from the cases cited above. First, at the time Mr. Arnona filed this action on March 13, 1980, he was still married to Lorraine Alice Terrell Arnona. Mr. Arnona filed a petition for a separation from bed and board in August 1979; the divorce decree was not rendered until October 1980, seven months after Mr. Arnona instituted suit.
Second, the language of the statute prohibits summary judgments in any case where "community, paraphernal or dotal rights may be involved in an action between husband and wife." (our emphasis). The subject of the suit brought by Mr. Arnona was property located at 1334 Pace Boulevard which he declared in his petition to be the owner as his "separate and paraphernal" property. Mrs. Arnona denied these allegations in her answer to the petition. In addition, Mrs. Arnona alleged that her rights to the enhanced value of the property were involved, and within the purview of that portion of Article 969 concerning "community, paraphernal or dotal rights of the spouses."
*20 Third, the spirit of the statute as set forth by the official comments indicates that the legislature sought to prohibit summary judgments in order to prevent collusive judgments in divorce actions and other suits involving the rights of married women. Mrs. Arnona is concerned that Mr. Arnona is attempting to circumvent the laws on partition by licitation. She alleges that he is partitioning the community on a piecemeal basis which will deprive her of her share of the enhanced value of improvements made upon the property.
Fourth, it is argued by Mr. Arnona that our laws allow suits between husband and wife for restitution of separate property. Revised statute 9:291 provides that unless the spouses are judicially separate, they
"may not sue each other except for causes of action arising out of a conflict or the provisions of Title VI, Book III of the Civil Code; restitution of separate property; for divorce, separation from bed and board, and causes of action pertaining to the custody of a child or alimony for his support while the spouses are living separate and apart, although not judicially separate."
We agree with Mr. Arnona that this suit is permitted. However, a summary judgment is not the proper vehicle for resolving the issue of paraphernality of property. The statute prohibiting summary judgment in cases where "community, paraphernal or dotal rights may be involved" was intended not only to protect against collusive judgments but also to protect the rights of married women. It is a procedural safeguard enacted to insure that each party has the opportunity to present evidence and to insure that there is a full hearing on all issues which involve community, paraphernal or dotal rights.
We need not reach the merits of the motion as we have determined that a summary judgment in this case is prohibited by Article 969. We therefore reverse the granting of summary judgment and remand the case to the trial court.
REVERSED and REMANDED.