470 So.2d 459 (1985)
AMERICAN SUPPLY CO. OF MORGAN CITY, INC.
v.
TARA ALYENE, INC.
No. 84 CA 0124.
Court of Appeal of Louisiana, First Circuit.
May 29, 1985.
Robert S. Robertson, Robert S. Robertson, Ltd., Morgan City, for plaintiff.
Debra Becnel, Lafayette, for defendant.
Before GROVER L. COVINGTON, C.J., and LOTTINGER and JOHN S. COVINGTON, JJ.
JOHN S. COVINGTON, Judge.
Defendant appeals an adverse judgment rendered by default. The only issue is whether a trial court may confirm a judgment by default when a declinatory exception of improper venue has been filed that same day.
We affirm.
The facts are not in dispute. Plaintiff filed suit against defendant seeking sums due on open account and obtained personal service on defendant August 16, 1983. Judgment by default was entered on September 2, 1983 and confirmed September 9, 1983. A signed judgment awarding plaintiff the requested sums, with legal interest and attorney's fees, was filed for recordation in the Clerk of Court's Office at 10:34 a.m. On September 9, at an unrecorded time, defendant filed a declinatory exception of improper venue.
Citing American Bank & Trust Co. v. Marbane Investments, Inc., 337 So.2d 1209 (La.App. 3rd Cir.1976), defendant argues *460 that the filing of the exception suspended the effect of the preliminary judgment of default, such that the judgment was not subject to confirmation until a hearing was had on the exception and it was overruled.
Assuming for the sake of argument that defendant in fact filed its exception prior to confirmation of the preliminary judgment of default, we find no merit in this argument. LSA-C.C.P. art. 928 plainly controls: "The declinatory exception and the dilatory exception shall be pleaded prior to answer or judgment by default...." An exception of improper venue is a declinatory exception, LSA-C.C.P. art. 925, and as such cannot be pleaded after entry, pursuant to LSA-C.C.P. art. 1701, of a preliminary judgment by default. General Leasing Co. v. Leda Towing Co., Inc., 350 So.2d 931 (La.App. 4th Cir.1977). The case cited by defendant concerned the suspensive effect on a preliminary judgment by default of a peremptory exception, not a declinatory exception as is the case here.
Plaintiff timely answered defendant's appeal, seeking damages and attorney's fees for the defendant's allegedly frivolous appeal.
LSA-C.C.P. art. 2164 authorizes a claim for damages for frivolous appeal, but its provisions are penal in nature and must be strictly construed. Appeals are favored and the imposition of penalties for a frivolous appeal will not be granted unless they are clearly due. Damages for frivolous appeal will not lie unless it manifestly appears that the appeal was taken solely for delay or that appealing counsel does not seriously believe in the position she advocates, even though the appeal lacks serious merit. Jackson v. East Baton Rouge Parish School Board, 348 So.2d 739 (La.App. 1st Cir.1977). Where contentions on appeal are without merit, but raise legitimate issues, damages for frivolous appeals are not allowed. Sample v. Sample, 432 So.2d 376 (La.App. 1st Cir.1983).
In this case, while we find defendant's position lacking in merit, appealing counsel did raise legitimate questions and seriously advocated her position. Accordingly, damages for frivolous appeal will not lie.
For the foregoing reasons, the judgment of the trial court is affirmed and damages and attorney's fees for frivolous appeal are denied. Costs to be paid by defendant.
AFFIRMED.