525 So.2d 223 (1988)
John FISK, et al.
v.
Benjamin B. MATHEWS, Jr., et al.
No. 87 CA 0133.
Court of Appeal of Louisiana, First Circuit.
April 19, 1988.
*224 John A. Hollister, New Orleans, for plaintiff-appellee Vicki Fisk.
Thomas Derveloy, Covington, for plaintiffs-appellees John Fisk, Ronald Fisk and Elizabeth Fisk.
Robert C. Lowe, Terrence L. Hauver, New Orleans, for defendant-appellant Benjamin B. Mathews, Jr.
Before COVINGTON, SAVOIE and LeBLANC, JJ.
LeBLANC, Judge.
This is a suit for declaratory judgment to determine whether the interest of Vicki Fisk, one of the plaintiffs in this suit, in certain immovable property is community *225 or separate and paraphernal in nature. The primary issue on appeal is whether there are any material facts in dispute regarding the source of the funds used in the acquisition of the property so as to bar summary judgment. Finding none, we affirm the judgment of the trial court granting plaintiffs' motion for summary judgment declaring that Vicki Fisk's interest in the property in dispute was separate in nature; that plaintiffs were the sole owners of this property; and, that defendant was to pay all costs.
FACTS
An undivided one-half interest in the property at issue was purchased by John W. Fisk and Elizabeth M. Fisk, the parents of John T., Ronald and Vicki Fisk, in 1951. The other one-half interest in this property was purchased at the same time by Philip R. Wheeler. Vicki Fisk, together with her brothers, John and Ronald, acquired Mr. Wheeler's one-half interest in this property by virtue of a document captioned as an act of "credit sale" from Mr. Wheeler on March 18, 1974. This acquisition took place during the existence of the community of acquets and gains between Vicki Fisk and defendant, Ben B. Mathews, Jr., who were subsequently divorced on February 2, 1983.
On April 22, 1986, Vicki Fisk and her brothers, John and Ronald, and her mother, Elizabeth Monaghan Fisk filed this suit for declaratory judgment against Vicki's former husband. After answer by defendant they filed a motion for summary judgment with affidavits and attachments on July 18, 1986. A hearing on this motion was scheduled for August 28. On August 27, defendant filed a motion to continue the hearing on plaintiffs' motion for summary judgment on the basis that plaintiffs had refused to comply with his discovery requests, which may have lead to information sufficient to defeat plaintiffs' motion. The trial court granted defendant's request for a continuation and the hearing on plaintiffs' motion was rescheduled for September 22. Plaintiffs subsequently filed several supplemental affidavits and exhibits which apparently complied, at least partially, with defendant's prior request for production of documents. In any event, the record does not reflect that defendant made any efforts to reschedule the depositions of Vicki and Elizabeth Fisk, which had originally been set for a time when plaintiffs' counsel was unable to attend, or to seek any other discovery. Nor did defendant file any affidavits in opposition to the granting of a summary judgment. On September 22, the trial court granted plaintiffs' motion for summary judgment. This judgment was signed on October 2, 1986. Defendant has now appealed, alleging there are material facts in dispute, and that the granting of summary judgment was precluded by La.Code Civ.P. art. 969. Plaintiffs filed an answer alleging defendant's appeal was frivolous and seeking an award of attorney's fees.

ISSUES
1. Are there any material facts in dispute so as to preclude the granting of a summary judgment?
2. Does La.Code Civ.P. art. 969 preclude a summary judgment in a suit between a former husband and wife which involves a determination of the community or paraphernal nature of certain immovable property?
3. Is defendant's appeal frivolous so as to justify an award of attorney fees as damages?

ISSUE ONE
The law applicable to summary judgments was set out by this court in Nathans v. Vuci, 443 So.2d 690, 696 (La.App. 1st Cir.1983), as follows:
It is well settled that a summary judgment should be granted only if there is no genuine issue of material fact and mover is entitled to judgment as a matter of law. Chaisson v. Domingue, 372 So. 2d 1225 (La.1979); LSA-C.C.P. art. 966. Under LSA-C.C.P. art. 967, an adverse party may not rest upon the mere allegations or denials in his pleadings when a motion for summary judgment is made and supported by sufficient evidence.

*226 Stated another way, on a motion for summary judgment, it must first be determined that the supporting documents presented by the moving party are sufficient to resolve all material issues of fact. If they are not sufficient, the motion for summary judgment should be denied. Only if they are sufficient does the burden shift to the opposing party to present evidence showing that a material fact is still at issue; only at this point may he no longer rest on the allegations contained in his pleadings. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980).
. . . . .
... [I]f the moving party has established both that there is no genuine issue as to material fact and that he is entitled to judgment as a matter of law, it is incumbent upon the adverse party to come forward with specific facts showing that there is a genuine issue for trial. LSC.C.P. art. 967.
In determining whether material issues have in fact been disposed of, any doubt is to be resolved against granting the summary judgment and in favor of trial on the merits. Chaisson, supra; Hercules, supra.

In this case, plaintiffs filed the affidavits of Alwyn Justrabo (the attorney who prepared the "credit sale"), Elizabeth Ruth Monaghnan (Mrs. Fisk), John T. Fisk, Nellie Sue Meeks (wife of John T. Fisk), Ronald W. Fisk and Vicki E. Fisk. In addition, supplemental affidavits were filed by Elizabeth Ruth Monaghnan, John T. Fisk and Vicki Fisk. These affidavits and attachments establish that the act of "credit sale" through which John T., Ronald and Vicki Fisk acquired the property in question was actually a donation in disguise from their parents, the late John W. Fisk and Elizabeth Monaghnan Fisk. In addition, the affidavits also established the following facts: the elder Fisks paid the entire purchase price for the property purchased from Mr. Wheeler; John T., Ronald and Vicki Fisk paid no part of the purchase price; it was at the suggestion of the elder Fisks' attorney, Alwyn Justrabo, that the donation was made in the form of a sale, so as to avoid any possible cloud on the title to the property. The affidavits further establish that the elder Fisks intended to donate this property only to their children, and not to their children's respective spouses.
The only issue of material fact which defendant specifically alleges is unresolved is whether the funds used by the elder Fisks to pay for the property were part of the community between them or were separate in nature. However, we find that it is immaterial whether these funds were community or separate property of John W. and/or Elizabeth Fisk, because plaintiffs' affidavits clearly establish that both of the elder Fisks intended to donate the property as a gift to their children.
Defendant also makes the broad allegation that plaintiffs' failure to comply with his discovery requests denied him the opportunity to discover relevant facts to defend against the motion for summary judgment. The mere contention by an opponent to a motion for summary judgment that he does not have the information necessary to defend against the motion because of the movant's failure to comply with discovery is insufficient to defeat the motion. Waddell v. Bickham, 431 So.2d 59 (La.App. 1st Cir.1983). In the present case, defendant neither specified the nature of the facts he hoped to discover nor showed that he made any serious effort to compel discovery by plaintiffs. Accordingly, this argument is totally meritless.
For the above reasons, we find that plaintiffs' affidavits were sufficient to resolve all material issues of fact and establish that plaintiffs were entitled to judgment as a matter of law. It was then incumbent upon defendant to come forward with specific facts to establish the existence of a genuine issue for trial. Defendant failed to do so, having neither filed any opposing affidavits nor alleging any specific facts raising an unresolved issue of material fact. We therefore affirm the judgment of the trial court granting plaintiffs' motion for summary judgment.

*227 ISSUE TWO
Defendant also alleges that summary judgment was precluded in this case by La.Code Civ.P. art. 969, which provides in pertinent part as follows:
... [S]ummary judgments shall not be granted in ... any case where the community, paraphernal, or dotal rights may be involved in an action between husband and wife, emphasis added.
This prohibition is not applicable to the present case, because by its terms this provision is applicable only to actions between husbands and wives. Since Vicki Fisk was no longer married to defendant when this suit was instituted, art. 969 does not preclude the granting of summary judgment in plaintiffs' favor. See Loeb v. Loeb, 252 So.2d 516, 519-520 (La.App. 4th Cir.1971); Thomas v. Otwell, 234 So.2d 475, 477 (La.App. 3d Cir.), writ refused, 256 La. 821, 239 So.2d 346 (1970); Patrick v. Patrick, 230 So.2d 759, 763 (La.App. 2d Cir.1970).
In support of his position, defendant relies upon Juneau v. Hilton, 384 So.2d 571 (La.App. 4th Cir.1980), in which the Fourth Circuit found the art. 969 prohibition applicable even though the parties were divorced before suit was filed. In reaching this result, the Fourth Circuit cited comment (a) to art. 969, which states that the purpose of the prohibition was to prevent collusive judgments involving the rights of married women, which was what the defendant's former wife feared would happen in that case. The Juneau court offered no further explanation for disregarding the clear language of art. 969.
We disagree with the result reached in Juneau, believing that art. 969 by its clear and unambiguous terms applies only to actions "between husband and wife". When a provision is clear and unambiguous, it should be applied as written, without resorting to a search for the intent of the legislature. La.C.C. art. 9. Accordingly, we conclude the art. 969 prohibition is not applicable in the instant case.[1]

ISSUE THREE
In their answer to defendant's appeal, plaintiffs seek attorney's fees as damages for a frivolous appeal pursuant to La.Code Civ.P. art. 2164. Since it is penal in nature, this provision must be strictly construed. American Supply Co. v. Tara Alyene, Inc., 470 So.2d 459 (La.App. 1st Cir.1985). Further, appeals are favored and penalties for frivolous appeal will not be imposed unless they are clearly due. Id. Even when an appeal lacks serious merit, damages for a frivolous appeal will not be made unless it is clear that the appeal was taken solely for the purpose of delay or that appellant's counsel is not serious in the position he advocates. Id.
In this case, there is no indication that defendant's appeal was taken solely for the purpose of delay. Further, although we disagreed with and declined to follow the Juneau court, defendant did raise a legitimate issue as to the applicability of La.Code Civ.P. art. 969. Finally, both in her brief and her oral argument before this court, it is apparent that defendant's counsel is serious in the position she advocates. Accordingly, damages for a frivolous appeal are not appropriate in this case.
For the above reasons, the judgment of the trial court is affirmed. Defendant is to pay all costs of appeal.
AFFIRMED.

APPENDIX
The immovable property at issue in this appeal is described as follows:
1. Beginning at a point at the intersection of the East bank of Bayou Liberty and the Northern boundary line of Lot W-2; thence 690 feet more or less East along the boundary line of Lot "Y" (a part of Lot W-2); thence in a *228 Southwesterly direction 960 feet more or less to the Southeast corner of Lot "Y"; thence in a Northwesterly direction, a distance of 130 feet more or less to Bayou Liberty; thence meandering along Bayou Liberty in a Northerly direction to point of beginning, being that portion of ground, together with all the buildings and improvements thereon, and all the rights, ways, privileges, servitudes, apurtenances and advantages thereunto belonging or in anywise appertaining, situated in the Parish of St. Tammany, Louisiana, in Lot No. 3 of Section 31, Township 8 South, Range 14 East, according to Government suivey; being a portion of original Lot W-2 on plat of subdivision by Gilbert & Kelly, Surveyors, dated January 4, 1927, on file in the Clerk's Office of St. Tammany Parish. According to sketch or plat made by Gilbert & Kelly, Surveyors, dated November 15, 1949, said portion of ground is designated by the letter "Y".
2. A certain portion of ground situated in the Parish of St. Tammany, Louisiana, and designated according to plan of Gilbert & Kelly, Surveyors, dated January 4, 1927, on file in the office of the Clerk of Court, and Ex-Officio Recorder in and for the Parish of St. Tammany, La. a plot "V-1" containing Thirtyseven and five tenths acres (37.5) and being portion of Section Thirty-seven (Sec. 37), Township Eight (T.8) South Range, Fourteen East (S.R. 14 E.) Less all that portion of a certain strip of ground lying within the boundaries of the aforesaid property designated as "V-1" and the property designated as "V-2" and a triangular piece formed from the projected side line of the property designated as "W-2" and the property designated as "V-2", all as shown on said map above referred to. A blue print copy of said plan of Gilbert & Kelly, Surveyors, dated January 4th, 1927, is attached to an act by the New Orleans Suburbs Inc. to Jules J. Viosca passed before Chas. I Denechaud, Notary Public, on the 10th day of February, 1927.
LESS
Two (2) certain tracts of parcels of land, together with all the improvements thereon and all of the rights, ways, privileges, servitudes, and advantages thereunto belonging or in anywise appertaining, situated in the Parish of St. Tammany, State of Louisiana, and in the West half of Section 37, Township 8 South, Range 14 West, Greensburg Land District, and identified as Parcel Nos. 41-1 and 41-1-A on the right of way property map for the Covington-Slidell Interstate Highway, State Project No. 454-04-05, Federal Air Project No. I-12-1(20)62, Route I-12, St. Tammany Parish, Louisiana, prepared by Barnard and Burk and Howard, Needles, Tammen and Bergendoff, Joint Venture, Consulting Engineers, dated March 12, 1965, revised to April 25, 1967, said map being on file in the office of the Department of Highways in the City of Baton Rouge, Louisiana, the boundary lines of which tracts are more particularly described as follows:
PARCEL NO. 41-1:
Commence at the point of intersection of the proposed centerline of State Route La. I-12 with the centerline of Rifle Range Road and proceed North 68° 35' 08" West along the said centerline of State Route La. I-12 a distance of 27.05 feet to a point on the existing west right of way line of said Rifle Range Road and corner; thence proceed South 01° 03' 47" East along said right of way line a distance of 846.37 feet to the true point of beginning; from said point of beginning continue South 01° 03' 47" East along the said existing west right of way line of Rifle Range Road a distance of 423.97 feet to a point and corner; thence proceed South 88° 56' 13" West a distance of 45.00 feet to a point; thence North 69° 15' 42" West a distance of 161.56 feet to a point; thence North 25° 06' 27" West a distance of 399.68 feet to a point on Vendor's North boundary line, common with the property now or formerly *229 owned by Albert L. Stone, and corner; thence proceed North 89° 06' 07' East along said north boundary line a distance of 357.85 feet to the point of beginninr [sic], and containing a net area of 2.477 acres.
PARCEL NO. 41-1-A:
Commence at the point of intersection of the proposed centerline of State Route La. I-12 with the centerline of Rifle Range Road and proceed North 68° 35' 08" East along the said centerline of State Route La. I-12 a distance of 27.05 feet to a point on the existing west right of way line of said Rifle Range Road, and corner; thence proceed South 01° 03' 47" East along the said right of way line a distance of 1,270.34 feet to the true point of beginning; from said point of beginning continue South 01° 03' 47" East along said right of way line a distance of 195.00 feet to a point and corner; thence proceed North 46° 03' 47" West a distance of 106.07 feet to a point; thence North 66°* 26' 22" West a distance of 132.00 feet to a point; thence North 40° 32' 08" West a distance of 110.11 ft. to a point; thence North 24° 17' 19" West a distance of 440.96 ft. to a point on Vendor's north boundary line, common with the property now or formerly owned by Albert L. Stone, and corner; thence proceed North 89° 06' 07" East along said north boundary line a distance of 81.05 feet to a point and corner; thence proceed South 25° 06' 27" East a distance of 399.68 feet to a point; thence South 69° 15' 42" East a distance of 161.56 feet to a point; thence North 88° 56' 13" East a distance of 45.00 feet to the point of beginning, and containing a net area of 1.474 acres.
Bearings hereinabove referred to are grid bearings based on Louisiana Coordinate System (South Zone).
Being the same property which was acquired by Philip R. Wheeler and John W. Fisk from New Orleans Suburbs Inc. as per act of Sale passed before Clement F. Perschall, Notary Public of Orleans Parish, dated June 1, 1951, registered in the office of the Clerk of Court for the Parish of St. Tammany in C.O.B. 200, folio 155.
* In order to conform with the property description in the deed affecting this property, we have corrected a typographical error in the trial court judgment which listed 68 degrees rather than 66 degrees at this point in the property description.
NOTES
[1] The present case is distinguishable from Amona v. Algiers Homestead Ass'n, 431 So.2d 18 (La.App. 4th Cir.), writ denied, 437 So.2d 1155 (1983), another case relied upon by defendant, in that the parties in Amona were still married when the suit between them was instituted, although they were divorced before summary judgment was rendered. In contrast, the parties in the present case were already divorced when suit was filed.