HOLDRIDGE, J.
Plaintiff, Robert L. Lucien, Sr., appeals a judgment sustaining a declinatory exception raising the objections of improper service and improper citation and a peremptory exception raising the objection of no right of action in favor of defendant, Robert J. Carter, and dismissing the lawsuit with prejudice. For the following reasons, we affirm the judgment in part, reverse the judgment in part, and amend the judgment to dismiss the lawsuit without prejudice.
FACTUAL AND PROCEDURAL HISTORY
On June 6, 2016, Mr. Lucien filed a petition seeking damages for wrongful seizure of property against Mr. Carter, an attorney who represented property owners *542 James B. and Mona Lackman Courtney in a lawsuit filed against the Courtneys by Mr. Lucien's company, Roba, Inc. According to the allegations of the petition, Mr. Lucien and his company purchased more than 60 acres of property from the Courtneys in 1980. The Courtneys later sold a plot of land to another purchaser, who erected a road across property Mr. Lucien claimed he owned, spurring the first lawsuit filed by Mr. Lucien against the Courtneys. The Courtneys were represented by Mr. Carter in that lawsuit; however, in a second lawsuit filed by Mr. Lucien against the Courtneys to correct title, Mr. Carter no longer represented the Courtneys. Mr. Lucien alleged that at some point in the litigation, Mr. Carter filed a demand for attorney's fees, court costs, and reimbursement against Mr. Lucien, obtained judgments from the 21st Judicial District Court, and obtained a writ of seizure and sale for Mr. Lucien's property, causing it to be advertised and set for Sheriff's sale. Mr. Lucien filed a petition to declare the judgments obtained by Mr. Carter to be null and void. The request for relief was denied by the trial court. Thereafter, Roba, Inc. appealed the judgment of the trial court dismissing the nullity action and awarding Mr. Carter attorney's fees.
In Roba, Inc. v. Courtney, 2014-1091 (La. App. 1st Cir. 8/28/15), 2015 WL 5657359 (unpublished), another panel of this court reversed the judgment in favor of Mr. Carter, finding that Mr. Carter was not a party to the lawsuit. This court remanded the matter to the trial court for further proceedings.
In the instant lawsuit, Mr. Lucien asserted claims for damages against Mr. Carter based on Mr. Carter's actions in allegedly filing unlawful pleadings, obtaining an unlawful writ of seizure and sale of Mr. Lucien's property, and obtaining an illegal judgment against Mr. Lucien for which he did not have standing to obtain. Specifically, Mr. Lucien sought to recover: (1) damages for emotional distress; (2) reimbursement of all legal fees and costs paid to two different attorneys hired to defend the unlawful judgments as well as costs for expenses incurred therein; (3) damages for humiliation as a result of the unlawful seizure of his property; (4) damages for civil rights violations under 42 U.S.C. 1983 ; and (5) punitive damages.
In the June 6, 2016 petition, Mr. Lucien asked that Mr. Carter be served at a post office box in Greensburg. On December 19, 2016, more than six months after the lawsuit was filed, Mr. Lucien provided the Clerk of Court with another address for Mr. Carter at 23 S. Main Street D in Greensburg. On December 27, 2016, the St. Helena Parish Sheriff's Office served Mr. Carter with citation.
On December 29, 2016, Mr. Carter filed a declinatory exception raising the objections of improper service and insufficiency of citation. He alleged that although the petition was filed by Mr. Lucien on June 6, 2016, proper service was not requested until December 27, 2016, more than ninety days after the petition had been filed, in violation of La. C.C.P. art. 1201(C). Mr. Carter also filed a peremptory exception raising the objection of no right of action, in which he asserted that Mr. Lucien was not a party to the lawsuit brought by Roba, Inc. against the Courtneys, and therefore, had no right of action to file this lawsuit against Mr. Carter. Finally, Mr. Carter sought to recover attorney's fees and costs under La. C.C.P. art. 863 for having to file the exceptions when the petition was "factually unsound."
Following a hearing, the trial court granted Mr. Carter's declinatory and peremptory exceptions raising the objections of improper service and improper citation and no right of action, dismissing the lawsuit *543 with prejudice. In written reasons for judgment, the trial court explained that it granted the declinatory exceptions upon finding that the mailing of a document for service of process to a post office is insufficient, improper service.[1] The court further stated that it agreed Mr. Lucien did not have a valid cause of action against Mr. Carter. Lastly, the trial court declined to award Mr. Carter attorney's fees for having to defend the claim through the exceptions, but did order that Mr. Lucien pay all costs of the proceedings.
Mr. Lucien appealed, asserting that the trial court erred in ruling that he did not have a right of action for unlawful seizure and in ruling that his request for service and citation was insufficient. Mr. Carter answered the appeal, seeking an award of damages for frivolous appeal.
DISCUSSION
Louisiana Code of Civil Procedure article 925 provides that objections which may be raised through the declinatory exception include the objection of insufficiency of citation and insufficiency of service. An objection to the failure to request service of citation on the defendant within the time prescribed by La. C.C.P. art. 1201(C) is an objection to the sufficiency of the service of process.[2] La. C.C.P. art. 925. We shall first determine whether the trial court properly granted Mr. Carter's declinatory exception objecting to the sufficiency of the request for service of process and whether the request was timely made in accordance with La. C.C.P. art. 1201(C).
Proper service on the defendant is essential in ordinary proceedings, and without it, all proceedings are absolutely null. La. C.C.P. art. 1201. The necessity for a plaintiff's timely request of service is fundamental and warrants strict compliance, just as the fundamental requirements for filing an action must be strictly followed. Johnson v. Brown, 2003-0679 (La. App. 4th Cir. 6/25/03), 851 So.2d 319, 326.
Louisiana Code of Civil Procedure article 1201(C) provides that "[s]ervice of the citation shall be requested on all named defendants within ninety days of commencement of the action." (emphasis added) A defendant may expressly waive the requirements of La. C.C.P. art. 1201(C) by a written waiver. Furthermore, the requirements of La. C.C.P. art. 1201(C)"shall be expressly waived by a defendant unless the defendant files, in accordance with the provisions of Article 928, a declinatory exception of insufficiency of service of process specifically alleging the failure to timely request service of citation".
Proper service of citation requires that the defendant be served by either personal or domiciliary service. La. C.C.P. art. 1231. Personal service is made by tender of the citation or other process to the person being served. La C.C.P. art. 1232. Domiciliary service is effected when the citation or other process is left by the proper officer at the "dwelling house or usual place of abode" of the person to be served, with a person of suitable age and discretion residing in the domiciliary establishment. La. C.C.P. art. 1234.
*544 Louisiana Code of Civil Procedure Art. 1672(C), entitled "Involuntary Dismissal," states as follows:
A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C) or 3955 upon the sustaining of a declinatory exception filed by such defendant, or upon contradictory motion of any other party, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.
Pursuant to La. C.C.P art. 1672(C), the trial court was required to make an initial determination of whether Mr. Lucien properly requested service upon Mr. Carter within the time prescribed by La. C.C.P. art. 1201(C). See Burgo v. Henderson, 12-332 (La. App. 3rd Cir. 2/9/13), 106 So.3d 275, 280. The requirement that service on the defendant be requested within the 90-day time period prescribed by La. C.C.P. art. 1201(C) requires an accurate request for service upon the proper agent of the defendant. Barnett v. Louisiana State University Medical Center-Shreveport, 02-2576 (La. 2/7/03), 841 So.2d 725, 726. The record demonstrates that Mr. Lucien only requested service on Mr. Carter within the 90-day period at a post office box address and did not provide a physical address for which Mr. Carter could be served with citation either by personal service or by domiciliary service until six months after the lawsuit had been filed.[3] Therefore, Mr. Lucien failed to request proper service of citation on Mr. Carter within, the time prescribed by La. C.C.P. art. 1201(C), and the trial court correctly sustained Mr. Carter's declinatory exception asserting the objection of insufficiency of service of process.
Upon sustaining Mr. Carter's declinatory exception objecting to sufficiency of service of process, the trial court was obligated by La. C.C.P. art. 1672(C) to dismiss Mr. Lucien's lawsuit without prejudice, unless good cause was shown why service could not be requested, in which case the court could order that service be effected within a specific time. Louisiana courts strictly construe La. C.C.P. art. 1672(C)'s good cause requirement. Barnett, 841 So.2d at 726 ; Jones v. Iberville Parish Council, 2012-0391 (La. App. 1st Cir. 11/2/12), 111 So.3d 83, 85.
During the trial court's hearing on Mr. Carter's motions, Mr. Lucien claimed that Mr. Carter had been served at the post office box previously and insisted that in St. Helena Parish, nearly all (90%) of post office boxes are physical addresses. In not ordering that service be effected within a specified time, the trial court obviously found that Mr. Lucien failed to demonstrate good cause why proper service could not have been requested in the prescribed time period. We find no error in this determination. Mr. Lucien's mere confusion regarding Mr. Carter's proper address for service of process did not provide a sufficient basis for good cause.
Upon finding that Mr. Lucien did not properly request service on Mr. Carter within the 90-day time period set forth in La. C.C.P. art. 1201(C) and upon concluding that Mr. Lucien failed to demonstrate good cause why such service could not be requested in that time frame, the trial *545 court was required to dismiss the action without prejudice in accordance with La. C.C.P. art. 1672(C). Instead, the trial court went further and ruled on the declinatory exception of insufficiency of citation and the peremptory exception of no cause of action, and upon granting both the declinatory and peremptory exceptions, dismissed Mr. Lucien's lawsuit with prejudice. However, the declinatory exception objecting to the insufficiency of citation and the peremptory exception of no right of action became moot upon the trial court's granting of the declinatory exception of insufficiency of service of process as La. C.C.P. art. 1672(C) requires that the action shall be dismissed without prejudice.[4] (emphasis added) Since Mr. Lucien's case should have been dismissed without prejudice by the trial court upon sustaining the declinatory exception filed by Mr. Carter pursuant to La. C.C.P. art. 1672(C), it was not necessary for the court to rule on the remaining exceptions since Mr. Carter's suit was effectively dismissed and was no longer viable.[5]
ANSWER TO APPEAL
Mr. Carter answered Mr. Lucien's appeal to request an award of attorney's fees for a frivolous appeal. Damages for frivolous appeal may be awarded pursuant to La. C.C.P. art. 2614; however, because the statute is penal in nature, it must be strictly construed. Courtney v. Fletcher Trucking, 2012-0434 (La. App. 1st Cir. 12/21/12), 111 So.3d 411, 419. Appeals are favored, and damages for frivolous appeal will not lie unless it manifestly appears that the appeal was taken solely for delay or that the appealing party does not seriously believe in the position advanced, even though the appeal lacks serious merit. American Supply Co. of Morgan City, Inc. v. Tara Alyene, Inc., 470 So.2d 459, 460 (La. App. 1st Cir. 1985). The slightest justification for an appeal precludes damages for frivolous appeal. Courtney,Id. Because we have granted partial relief to Mr. Lucien, although on different grounds than he advanced in his brief, we decline to award attorney's fees in this case.
CONCLUSION
For the reasons set forth above, we affirm the judgment of the trial court insofar as it granted the declinatory exception raising the objection of insufficiency of service of process, and we amend the judgment to dismiss the lawsuit without prejudice. In all other respects, the judgment appealed from is reversed. All costs of this appeal are assessed one-half to appellant, Robert L. Lucien, Sr., and one-half to appellee, Robert J. Carter.
AFFIIRMED IN PART; REVERSED IN PART; AMENDED TO DISMISS THE LAWSUIT WITHOUT PREJUDICE.

While the trial court in its reasons for judgment stated that the service on Mr. Carter was not proper, the exception raising the objection of insufficiency of service of process raised by Mr. Carter alleges that proper service was not requested upon him in accordance with La. C.C.P. art. 1201(C).

Mr. Carter's declinatory exception was labeled "improper service" rather than "insufficiency of service of process."

The purpose of the requirement that the plaintiff must effect service of process within ninety days of filing suit is to ensure that the defendant receives notice of the suit within a reasonable time after it has been commenced. See Morgan v. Investment Cars Unlimited, Inc., 37,052 (La. App. 2nd Cir. 4/9/03), 843 So.2d 580, 583.

Mr. Carter could have waived his exception raising the objection of insufficiency of service and allowed the trial court to rule on his peremptory exception. The record does not reflect that Mr. Carter waived his exception.

If the court had properly ruled on the other exceptions, Mr. Lucien would have had an opportunity to amend his petition in accordance with La. C.C.P. arts. 932 and 934. Because his suit was dismissed without prejudice in accordance with La. C.C.P. art. 1672(C), no amendment is allowed.