J^SUSAN M. CHEHARDY, Judge.
Appellant, Liberty Mutual Insurance Company (hereinafter “Liberty”), appeals the district court judgment granting the motion for involuntary dismissal in favor of appellees, Barbara Noble and State Farm General Insurance Company (hereinafter “State Farm”). For the reasons that follow, we affirm the district court’s judgment.

*1159
Facts

In November of 2001, Gretchen Rodriguez and Aimee Fortier were renting an apartment on Helios Avenue that was owned by Barbara Noble. On November 23, 2001, a water leak in another apartment caused significant damage to Rodriguez’s and Fortier’s property. On the date of the incident, Rodriguez was insured pursuant to a renter’s insurance policy issued by appellant, Liberty. Liberty paid for the damages incurred by their insured.

Procedural History

On November 25, 2002, Liberty filed a Petition for Damages in Subrogation against Barbara Noble, her tenant, and Noble’s insurer, State Farm. The first paragraph of the petition included the names and street addresses of Noble and her tenant. The same paragraph named State Farm as defendant and “a foreign | ^corporation authorized to do and doing business in the State of Louisiana who may be served through the Secretary of State for the State of Louisiana.” In the final paragraph of the petition, Liberty prayed, among other things, “that the defendants herein be served with a copy of these pleadings.... ” The petition did not contain further service instructions.
On November 14, 2003, Barbara Noble was served with the petition. State Farm was served with the petition on November 24, 2003.
On January 16, 2004, based on Liberty’s failure to timely request service as required by La. C.C.P. article 1201(C), Noble and State Farm filed a Motion for Involuntary Dismissal pursuant to La. C.C.P. article 1672(C). On April 21, 2004, the district court signed a judgment granting Noble and State Farm’s motion and dismissed Liberty’s claims against Noble and State Farm without prejudice. Liberty now appeals that judgment.

Discussion

Pursuant to La. C.C.P. art. 1201(C), “[sjervice of the citation shall be requested on all named defendants within ninety days of the commencement of the action.” If service is not requested within the time period provided by La. C.C.P. art. 1201(C), La. C.C.P. art. 1672(C) mandates that the action be dismissed without prejudice, “unless good cause is shown why service could not be requested.” “Good cause” is not defined by article 1672(C). However, it is well established in our jurisprudence that mere confusion or inadvertence or mistake in requesting service on the part of the plaintiffs counsel is not a sufficient basis for good cause. Norbert v. Loucks, 01-1229 (La.6/29/01), 791 So.2d 1283; Lewis v. Spence, 00-0648 (La.App. 2 Cir. 11/02/00), 772 So.2d 354; Ayers v. Goodwill Industries, 03-1576 (La.App. 4 Cir. 3/10/04), 870 So.2d 348; Anderson v. Norfolk Southern Railroad Co., 02-0230 (La.App. 4 Cir. 3/27/02), 814 So.2d 659.
|4In its brief, Liberty contends, as it did in the lower court, that “the petition in question specifically requested service and followed all requirements as to how service should be perfected.” Further, “in no place on the petition did the plaintiff, Liberty Mutual Insurance Company, request that service be withheld.” At the hearing on State Farm’s motion to dismiss, Liberty’s counsel stated, “I think the clerk [of court] dropped the ball on this one and then I might have fouled up a little bit, but the point is, we followed the requirements of the Civil Code and it just didn’t get served.” At the hearing on the motion to dismiss, the trial judge, in granting the dismissal, noted that service instructions should be “made very clear at the end after the prayer or ... the signature of the attorney.... I’m not going to require any clerk or clerk’s office, to read through an entire petition to find where the service *1160 information is. Its[sic] always put at the end. It’s not in this one.”
After reviewing the record, we find that the record reflects that eleven months passed between the filing of the petition and service of the petition on Noble and State Farm. Moreover, Liberty took no action on the record during this period of time. In fact, plaintiffs counsel explained that he only learned that the defendants had not been served after he contacted the clerk of court in response to his client’s request for a status report on the case. In this case, plaintiffs counsel did not explain why he could not have ascertained the status of citation until after the statutory period had run. Under the circumstances, we find that this type of inadvertence or mistake is clearly not “good cause” for the failure to request service within ninety days. Accordingly, we conclude that the district court properly dismissed Liberty’s claims pursuant to La. C.C.P. articles 1201(C) and 1672(C).
For the reasons stated herein, the district court judgment granting Liberty’s motion to dismiss is affirmed. Costs of this appeal are to be paid by Liberty.

AFFIRMED.

DALEY, J., dissents with reasons.