McClendon, j.
12Golden Jones appeals a judgment dismissing his action for failure to request service of process within the time period required by LSA-R.S. 13:5107 D(l). For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
On February 25, 2011, Golden Jones, through counsel, filed a Petition for Damages, alleging that he had been wrongfully terminated by the Iberville Parish Council (“the Council”) because he had made a workers’ compensation claim, Mr. Jones requested service on the Council, but paid no filing or service fees at that time. Rather, Mr. Jones filed a “Motion to Proceed In Forma Pauperis.” On April 6, 2011, the trial court denied Mr. Jones’s pauper motion.
Because his pauper request was denied, Mr. Jones paid the filing fees on June 3, 2011, and paid for service of citation on June 24, 2011, more than 90 days after filing of the petition. The Council was served with Mr. Jones’s petition on July 7, 2011.
On July 12, 2011, Mr. Jones filed a “Motion & Order to Extend Time for Service on Defendant” seeking an “extension of time to execute service” on the Council. The trial court subsequently signed the order granting Mr. Jones’s motion.
On July 22, 2011, the Council filed a “Declinatory Exception of Improper Service,” alleging that Mr. Jones’s petition should be dismissed without prejudice because service of process was not requested within ninety days of commencement of the action as required by LSA-R.S. 13:5107 D(1).[1] Following a hearing, the trial court granted the Council’s exception, effectively dismissing Mr. Jones’s petition. Mr. Jones has appealed, alleging that the trial court erred in granting the Council’s exception.
1 aDISCUSSION
The Council is a political subdivision of the State of Louisiana. La. Const. Art. 6, § 44(2). As such, service of citation on the Council “shall be requested within ninety days of the commencement of the action.” LSA-R.S. 13:5107 D(1). “If service is not requested by the party filing the action within the [ninety day] period ... the action shall be dismissed without prejudice ... as to the ... political subdi *85 vision ... upon whom service was not requested within the [ninety day] period.” LSA-R.S. 13:5107 D(2).
On appeal, the trial court’s dismissal of a suit for failure of the plaintiff to timely request service is subject to the manifest error standard of review. Johnson v. Brown, 2003-0679 (La.App. 4 Cir. 6/25/03), 851 So.2d 319, 322; Pylant v. Jefferson Parish, State of Louisiana Dept. of Health and Hosp., 05-148 (La.App. 5 Cir. 6/28/05), 907 So.2d 807, 809, writ denied, 05-1992 (La.3/17/06), 925 So.2d 537.
Mr. Jones contends that the trial court erred in finding that service was not requested timely because he requested service on the Council in the original petition. However, service of citation is not considered requested until the clerk receives a request for service and payment or an order granting pauper status. See Jenkins v. Larpenter, 04-0318 (La.App. 1 Cir. 3/24/05), 906 So.2d 656, 659, writ denied, 05-1078 (La.6/17/05), 904 So.2d 711. Accordingly, because the clerk did not receive payment for service within ninety days of the filing of the petition nor was an order granting pauper status obtained within ninety days of the filing of the petition, service was not timely requested within the period required by LSA-R.S. 13:5107 D(1).
Louisiana Code of Civil Procedure article 1672 ,C provides that the failure to timely request service of citation is ground for dismissal of an action without prejudice “unless good cause is shown why service could not be requested.” Although “good cause” is not defined in the article, Louisiana courts strictly construe the “good cause” requirement. Tranchant v. State, 08-0978 (La.1/21/09), 5 So.3d 832, 837.
4Mr. Jones contends that the trial court had already determined that “good cause” existed when it granted his extension of time to execute service on August 1, 2011, so it could not grant the Council’s exception and reverse its prior finding of “good cause.” Mr. Jones avers that once the trial court granted his extension, the Council should have timely filed a motion for a new trial or sought appellate review of that ruling. Because the Council failed to do so, Mr. Jones concludes that the trial court’s subsequent grant of the Council’s exception was improper.
Although the August 1, 2011 order granted Mr. Jones an extension of time for service to occur, it had no bearing on the resolution of the issue presented here. The motion for extension of time was filed on July 14, 2011, which was outside of the ninety days allowed by law for requesting service. If Mr. Jones had sought a “good cause” determination arising from his failure to request service within ninety days, LSA-C.C.P. art. 963 requires the motion “be served on and tried contradictorily with the adverse party.” See LSA-C.C.P. article 1672 C and Mohsen v. Mohsen, 08-1703 (La.App. 1 Cir. 12/23/08), 5 So.3d 218, 221 (“The order sought by Damaris in this case was not one to which she was clearly entitled and required supporting proof; accordingly, the motion had to be served on and tried contradictorily with Murad.”) Even though the Council had been served with the petition on July 7, 2011, Mr. Jones never requested service nor was the Council ever served with his ex parte motion for extension of time.
Nevertheless, Mr. Jones contends that the trial court erred in failing to find that “good cause” existed for his failure to request service within the ninety day period. Mr. Jones notes that his pauper status was not denied by the trial court until April 6, 2011, or forty days after it had been filed with the petition. Mr. Jones avers that he was not notified of the denial of his pauper status until April 18, 2011, leaving only *86 thirty-eight days to execute service in a timely manner. Moreover, Mr. Jones asserts that during the relevant time period, he was unemployed due to his on-the-job injury, scheduled to undergo surgery related thereto, and had lost his home in a January 9, 2011 house fire. Mr. Jones |fisubmits that these series of events made it impossible for him to generate and pay filing fees within thirty-eight days.
We note that Mr. Jones’s work-related injury and details surrounding the house fire were known by Mr. Jones at the time he filed his petition and his motion seeking pauper status.[2] Nevertheless, the district court, on April 6, 2011, denied Mr. Jones’s motion seeking pauper status, and Mr. Jones has never sought appellate review of that ruling. Moreover, the trial court’s denial of Mr. Jones’s pauper motion was rendered well in advance of the ninety-day deadline and afforded Mr. Jones sufficient time to request service as required by LSA-R.S. 13:5107 D(1). In light of the foregoing, we cannot conclude that the trial court manifestly erred in dismissing Mr. Jones’s suit for failure to timely request service.[3]
CONCLUSION
For the foregoing reasons, the January 3, 2012 judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiff, Golden Jones.
AFFIRMED.

. Louisiana Code of Civil Procedure article 1672 C recognizes that the objection of untimely service can be raised by the declinatory exception.

. The "Motion to Proceed in Forma Pauper-is” did not include any specific details regarding Mr. Jones’s circumstances or financial condition. However, attached to the motion were the affidavits of Mr. Jones and Dewayne Oubre, a third party having personal knowledge of Mr. Jones's financial condition, which allegedly verified Mr. Jones’s lack of means to pay court costs. The affidavits are not included in the record.

. We note that Mr. Jones also asserts that the trial court erred in considering a reply memorandum filed by the Council and mailed to counsel for Mr. Jones on Friday, October 7, 2011, contending that it was untimely. Uniform Rules of District Courts Rule 9.9(c) provides that ”[t]he mover or exceptor may furnish the trial judge a reply memorandum, but only if the reply memorandum is furnished to the trial judge and served on all other parties so that it is received before 4:00 p.m. on a day that allows one full working day before the hearing.” Because the hearing was not scheduled until Wednesday, October 12, 2011, and Mr. Jones does not allege that he did not receive the reply memorandum after October 10, 2011 at 4:00 p.m., the memorandum was timely submitted pursuant to Rule 9.9(c) and could be considered by the trial court.