STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 CA 1081

TIMOTHY JOHN METHVIEN

VERSUS

OUR LADY OF THE LAKE, DR. JENNIFER DAVIDSON, AND ABC
INSURANCE COMPANY

Judgment Rendered: **APR 1 6 2021**

* * * * *

On Appeal from the
21st Judicial District Court
In and for the Parish of Livingston
State of Louisiana
Trial Court No. 164875

Honorable Charlotte Hughes Foster, Judge Presiding

* * * * *

John D. Sileo                     Attorneys for Plaintiff-Appellant,
Casey W. Moll                     Timothy John Methvien
New Orleans, LA

Douglas K. Williams               Attorneys for Defendant-Appellee,
Kelsey A. Clark                   Our Lady of the Lake Hospital, Inc.
Katherine M. Cook
Baton Rouge, LA

Ann M. Halphen                    Attorneys for Defendant-Appellees,
L. Adam Thames                    Jennifer Davidson, MD and Timothy
William H. Patrick                Joel Stern, NP
Baton Rouge, LA

* * * * *

BEFORE: THERIOT, WOLFE, AND HESTER, JJ.

**HESTER, J.**

In this medical malpractice case, plaintiff, Mr. Timothy John Methvien, appeals the trial court judgment sustaining defendant, Our Lady of the Lake Hospital's ("OLOL") declinatory exception raising the objection of insufficiency of service of process, granting OLOL's motion for involuntary dismissal, and dismissing all claims of Mr. Methvien against OLOL without prejudice. For the following reason, we affirm the judgment of the trial court.

## FACTS AND PROCEDURAL HISTORY

This case arises out of a medical malpractice claim; however, the issue herein is purely procedural. Specifically, the issue is whether Mr. Methvien requested service of citation on OLOL within the time prescribed by La. Code Civ. P. art. 1201(C) when he requested service on OLOL in his petition but did not timely pay the fee to the Sheriff's office for service of process. Further, if service was not timely requested, whether under La. Code Civ. P. art. 1672(C) good cause was shown why service could not be timely requested. On October 11, 2019, Mr. Methvien fax filed a petition for damages naming OLOL as one of the defendants. The petition included a request to serve OLOL through their agent for service of process.[1] Mr. Methvien received a "Civil Fax Filing Confirmation" from the Livingston Parish Clerk of Court, noting that the Clerk of Court received the fax transmission and that Mr. Methvien owed $487.00 in filing fees. On October 14, 2019, Mr. Methvien paid $487.00 to the Clerk of Court.

On May 18, 2020, OLOL filed an "Exception of Insufficiency of Service of Process and Motion for Involuntary Dismissal Pursuant to La. Code Civ. P. art 1672(C)," contending that Mr. Methvien failed to properly request service of process within ninety days of the commencement of this action. In support of the exception,

---

[1] The request stated, "**PLEASE SERVE:** Our Lady of the Lake-Livingston Through their agent for service of process Jolee Hancock Bollinger 4200 Essen Lane Baton Rouge, LA 70809."

OLOL stated that although Mr. Methvien requested service on OLOL when he filed the petition, he failed to provide the fees required for service. OLOL pointed out that as of the time of filing the exception, OLOL had not been served with the petition.

Mr. Methvien opposed OLOL's exception, pointing out that he requested service on OLOL at the time he filed his petition and paid the fees within days of receiving the amount due from the Clerk of Court. Mr. Methvien stated that it was not until he received OLOL's exception that he had any notice that he owed separate fees to the Sheriff's office for service costs. In support of his opposition, Mr. Methvien attached the "Civil Fax Confirmation" from the Clerk of Court's office and the check from his attorney's office paying the "Amount Due" on the fax confirmation. Mr. Methvien also stated that after receiving OLOL's exception, he paid the fee for the Sheriff's office, and OLOL was served with his petition on May 22, 2020.

Thereafter, OLOL supplemented its exception and attached a "Message Reply" from the Clerk of Court's office dated October 22, 2019, addressed to Mr. Methvien's attorney, stating that an additional check was required in the amount of $40.08 payable to the Sheriff of East Baton Rouge. The bottom of the message stated, "Note: This will be the only notice that you will receive from our office regarding prepaid check(s) needed for service in this matter."

OLOL's exception came before the trial court on July 6, 2020. During the hearing, both parties introduced the exhibits attached to the exception and opposition to the exception. After the hearing, the trial court signed a judgment on July 22, 2020, sustaining OLOL's exception of insufficiency of service of process, granting OLOL's motion for involuntary dismissal, and dismissing all claims of Mr. Methvien against OLOL without prejudice. It is from this judgment that Mr. Methvien appeals, contending that the trial court erred in granting OLOL's exception and motion for involuntary dismissal.

## LAW AND ANALYSIS

Proper citation is the cornerstone of all actions; without citation and service, all proceedings are an absolute nullity. **Rivers v. Groth Corp.**, 95-2509 (La. App. 1st Cir. 9/27/96), 680 So.2d 762, 763. Louisiana Code of Civil Procedure article 1201(C) provides that service of the citation shall be requested on all named defendants within ninety days of commencement of the action. Louisiana Code of Civil Procedure article 1672(C) pertinently provides, "[a] judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C) … upon the sustaining of a declinatory exception filed by such defendant… unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time." The purpose of the requirement that plaintiff must effect service of process within ninety days of filing suit is to assure that the defendant receives notice of the suit within a reasonable time after it has been commenced. **Lucien v. Carter**, 2017-1069 (La. App. 1st Cir. 5/31/18), 251 So.3d 540, 544 n.3. Service of citation is not considered requested until the clerk receives a request for service and payment of the required fees or an order granting pauper status. See **Jenkins v. Larpenter**, 2004-0318 (La. App. 1st Cir. 3/24/05), 906 So.2d 656, 658-659, writ denied, 2005-1078 (La. 6/17/05), 904 So.2d 711. On appeal, the trial court's dismissal of a suit for failure of the plaintiff to timely request service is subject to the manifest error standard of review. **Jones v. Iberville Parish Council**, 2012-0391 (La. App. 1st Cir. 11/2/12), 111 So.3d 83, 85.

In this case, there is no dispute that Mr. Methvien requested service in his petition but did not pay the fees to the Sheriff's office for service within ninety days of filing the petition. OLOL was not served until after it filed the exception, which was approximately two hundred and twenty four days after Mr. Methvien's petition

4

was filed. Thus, under our jurisprudential rule in **Jenkins**, service was not requested on OLOL within ninety days of the commencement of the action because payment of the required fees was not timely made. Accordingly, we find the trial court correctly sustained OLOL's exception finding Mr. Methvien failed to timely request service under La. Code Civ. P. art. 1201(C).

Upon sustaining this exception, the trial court was obligated by La. Code Civ. P. art. 1672(C) to dismiss Mr. Methvien's lawsuit without prejudice, unless good cause was shown why service could not be requested, in which case the court could order that service be effected within a specific time. Accordingly, we must determine whether the trial court was manifestly erroneous in finding no good cause was shown why service could not be requested.

Although "good cause" is not defined in the article, Louisiana courts have strictly construed the good cause requirement. **Barnett v. Louisiana State University Medical Center-Shreveport**, 2002-2576 (La. 2/7/03), 841 So. 2d 725, 726; **Jones**, 111 So.3d at 85. Confusion over proper service information or inadvertence by the plaintiff's counsel are not enough to support a finding of good cause. See **Norbert v. Loucks**, 2001-1229 (La. 6/29/01), 791 So.2d 1283, 1285.

Several cases have addressed what constitutes good cause in La. Code Civ. P. art. 1672(C). In **Liberty Mutual v. Noble**, 2004-727 (La. App. 5th Cir. 11/30/04), 889 So.2d 1158, 1159, counsel for an insurer argued that " the clerk [of court] dropped the ball on this one and then I might have fouled up a little bit, but the point is, we followed the requirements of the Civil Code and it just didn't get served." On appeal, the court found no good cause for insurer's failure to request service of citation where defendants were served eleven months after filing the petition, and insurer took no action on the record during that time, and insurer's attorney did not explain why he could not have ascertained the status of citation until after the statutory period had run. **Id.**

5

In **Ayers v. Goodwill Industries**, 2003-1576 (La. App. 4th Cir. 3/10/04), 870 So.2d 348, 349, the court held that plaintiff or her counsel's lack of awareness that an *in forma pauperis* request had been denied, so that costs for filing and service were due, and the passage of more than three years between the filing of the petition and service of the petition on defendant, during which time neither plaintiff nor her attorney took any action on record, did not constitute "good cause." **Id.**

In **Joseph v. North American Risk Services**, 2011-1417 (La. App. 4th Cir. 2/29/12), 86 So. 3d 752, 756-757, plaintiff learned that there was confusion in either the Sheriff's office or the Clerk of Court's office and that service was withheld due to an outstanding filing fee balance. Plaintiff alleged that she never received notice of this outstanding balance and did not suspect that service was withheld. Likewise, counsel for plaintiff failed to check the record to ensure service was made as requested and presumed that it would be made. The court held that counsel's inadvertence or mistake in assuming that service would be made, and in not verifying service by checking the record for several years, is not good cause. **Id.**

In **Rollins v. City of Zachary**, 2000-0160 (La. App. 1st Cir. 2/16/01), 808 So.2d 439, 443, this court rejected plaintiffs' good cause argument for failure to timely serve defendant where plaintiffs contended that they wrote a letter to the Clerk of Court requesting service by regular mail, and the Clerk of Court never received the request. This court held that plaintiffs could have sent the service request by certified mail with return receipt requested, hand-delivered the request, or simply placed a telephone call to the Clerk of Court's office before expiration of the ninety-day time period to verify that the Clerk of Court's office received the service request, yet plaintiffs took none of these actions. This court concluded that it is incumbent on a party sending a request by ordinary mail to ensure or verify that the Clerk of Court received the request. **Id.** at 444.

Mr. Methvien filed suit on October 11, 2019, and received the "Civil Fax Filing Confirmation" that same day. The fax provided that the amount due was $487.00 to the Clerk of Court. There was also a blank on the confirmation to list money owed to the Sherriff's office, but this blank was not filled out. On October 14, 2019, Mr. Methvien paid the $487.00 to the Clerk of Court. OLOL filed its exception nearly seven months later, and the October 22, 2019 "Message Reply" attached to OLOL's exception indicated that Mr. Methvien owed additional fees to the Sheriff of East Baton Rouge for service. Mr. Methvien's attorney stated in brief that he did not receive that document, and he did not know fees were due to the Sheriff's office until he received OLOL's exception. OLOL was not served until May 22, 2020.

Based on the evidence in the record, we cannot determine whether Mr. Methvien's attorney received the Message reply from the Clerk of Court's office regarding the payment of additional fees to the Sherriff. However, what we can determine is that service was not made on OLOL until after its exception was filed, approximately seven months after Mr. Methvien filed his petition, and neither Mr. Methvien nor his attorney ascertained the status of service until the exception was filed. The jurisprudence has consistently placed some responsibility on the party and attorney and found no good cause under La. Code Civ. P. art. 1672(C) when the attorney could have taken steps to verify service, particularly after a long period of time. Accordingly, we cannot say under the circumstance presented that the trial court was manifestly erroneous in finding that there was no good cause for Mr. Methvien's failure to request service within ninety days of the commencement of the action.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court sustaining Our Lady of the Lake's declinatory exception raising the objection of insufficiency

7

of service of process and granting Our Lady of the Lake's motion for involuntary dismissal. All costs of the appeal are assessed to plaintiff-appellant, Mr. Timothy Methvien.

**AFFIRMED**.