NORETTA PHILLIPS        *        NO. 2021-CA-0225

VERSUS        *

       COURT OF APPEAL

LOUISIANA STADIUM AND        *
EXPOSITION DISTRICT,        FOURTH CIRCUIT
BOARD OF COMMISSIONERS /        *
GAYLE M. BENSON        STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-12306, DIVISION "A"
Honorable Ellen M Hazeur, Judge
* * * * * *

Judge Rosemary Ledet
* * * * * *

(Court composed of Judge Edwin A. Lombard, Judge Roland L. Belsome, Judge
Rosemary Ledet)

Julius C. Ford
LAW OFFICE OF J. CHRISTOPHER FORD, LLC
927 Kerlerec Street
New Orleans, LA 70116

       COUNSEL FOR PLAINTIFF/APPELLANT

Jabrina C. Edwards
LOUISIANA DEPARTMENT OF JUSTICE
330 Marshall Street, Suite 777
Shreveport, LA 71101

William David Coffey
LOUISIANA ATTORNEY GENERAL'S OFFICE
1450 Poydras Street, Suite 900
New Orleans, LA 70112

Jeff Landry, Attorney General
LOUISIANA DEPARTMENT OF JUSTICE
P. O. Box 94005
Baton Rouge, LA 70804--9005

       COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED**
**December 8, 2021**

This is a premises liability suit. The plaintiff, Noretta Phillips, appeals the trial court's judgment granting a declinatory exception of insufficiency of service of process filed by defendant, the Louisiana Stadium & Exposition District ("LSED"), and dismissing her claims against LSED. For the reasons that follow, we affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 25, 2019, Ms. Phillips filed this suit claiming she suffered injuries a year and a day earlier when she tripped and fell on a walkway at the Superdome. In her suit, she named the following three defendants: (i) LSED, alleged to be a political subdivision of the State; (ii) Gayle Benson, alleged to be the lessee of the Superdome from the State; and (iii) LSED's Board of Commissioners ("the Board"), alleged to be LSED's governing board. Only LSED is a party to this appeal.

In her petition, Ms. Phillips requested service of process on LSED and the Board through the State of Louisiana, Department of Justice, Office of Attorney General, Jeff Landry at the Attorney General's offices in Baton Rouge. On August 21, 2020, LSED filed a declinatory exception of insufficiency of service of

1

process.[1] LSED argued that Ms. Phillips failed to comply with the requirements for service of process on a state entity under La. R.S. 13:5107(A)(1) and La. R.S. 39:1538(D). Read together, LSED argued, these statutory provisions require that all actions filed against the State of Louisiana or a state agency must be served upon not only the Attorney General, but also the head of the state agency or entity and the Louisiana Office of Risk Management. LSED argued that Ms. Phillips' failure to serve the head of LSED or the Office of Risk Management mandated dismissal of Ms. Phillips' claims against LSED without prejudice, under La. R.S. 13:5107(D)(2).

In response, Ms. Phillips contended that the Louisiana Supreme Court explicitly rejected LSED's argument in *Whitley v. State ex rel. Bd. Of Sup'rs of Louisiana State*, 11-0040 (La. 7/1/11), 66 So.3d 470. Ms. Phillips further contended that the Supreme Court, in *Whitley*, held that service on the Attorney General alone satisfied the service requirements of La. R.S. 13:5107(A). LSED replied that the *Whitley* case—decided in 2011—was no longer applicable after La. R.S. 13:5107 was amended in 2012.

At the hearing on LSED's exception, the trial court granted LSED's declinatory exception. The trial court reasoned that a plaintiff filing suit against the State or a state agency must request service of process on the Attorney General, the Office of Risk Management, and the head of the defendant-state agency within ninety days of commencing the suit. Further, the trial court found the *Whitley* case was inapposite because it predated the amendments to La. R.S. 13:5107. Hence,

---

[1] LSED also filed a peremptory exception of prescription. Because the trial court granted LSED's declinatory exception, the trial court denied LSED's prescription exception as moot. Thus, we do not address the prescription exception.

2

the trial court reasoned, LSED is a state agency,[2] mandating service on the Office of Risk Management and the head of LSED. Accordingly, the trial court granted the exception of insufficiency of service and dismissed Ms. Phillips' claims against LSED without prejudice. This appeal followed.

## DISCUSSION

Although Ms. Phillips assigns three errors on appeal,[3] the crux of her argument is that the trial court misinterpreted La. R.S. 13:5107 and La. R.S. 39:1538 to require that she not only request service upon the Attorney General, but also upon the head of LSED and the Office of Risk Management within ninety days of commencing suit. She argues that the *Whitley* case rejected this interpretation. Thus, the sole issue before this Court is the sufficiency of Ms. Phillips' request for service on LSED through the Attorney General.

This court reviews a trial court's judgment dismissing a matter for failure to timely request service—granting a declinatory exception of insufficiency of service of process—under the manifest error standard. *See George v. ABC Ins. Co.*, 19-0124, p. 3 (La. App. 4 Cir. 5/8/19), 271 So.3d 1289, 1291. This court, however, applies a *de novo* standard of review in deciding questions of law. *See Pierce*

---

[2] As previously stated and as discussed in more detail elsewhere in this opinion, LSED is not a state agency; rather, LSED is a political subdivision of the State.

[3] On appeal, Ms. Phillips assigns three errors by the trial court:

1. The trial court erred by granting LSED's declinatory exception and dismissing Ms. Phillips' claims against LSED.

2. The trial court erred by misinterpreting La. R.S. 13:5107 to require that a plaintiff request initial citation on three different State entities within ninety days of filing suit.

3. The trial court erred by misinterpreting La. R.S. 39:1538 to require that a plaintiff request initial citation on three different State entities within ninety days of filing suit.

*Foundations, Inc. v. Jaroy Const., Inc.*, 15-0785, p. 7 (La. 5/3/16), 190 So.3d 298, 303.

Before this court, the parties repeat the arguments they made before the trial court, each citing differing interpretations of La. R.S. 13:5107(A) and La. R.S. 39:1538(D). These specific statutory provisions govern service of process in suits against the State or a state agency. LSED is neither; rather, as Ms. Phillips acknowledged in her petition, LSED is a political subdivision of the State.[4] A political subdivision is distinct from a state agency and is defined as "a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions." La. Const. of 1972, Art. 6, § 44(2).

In suits against a political subdivision, La. R.S. 13:5107(B) governs service of process. Neither the statutory provisions relied upon by the parties—La. R.S. 13:5107(A) and La. R.S. 39:1538(D)—nor the jurisprudence construing those statutory provisions—including the *Whitley* case—applies here. Those statutory provisions and the jurisprudence construing them address service of process upon the State or a state agency. Again, LSED is neither.

The governing statutory provision, La. R.S. 13:5107(B), provides as follows:

> In all suits filed against a political subdivision of the state, or any of its departments, offices, boards, commissions, agencies or instrumentalities, citation and service may be obtained on any proper agent or agents designated by the local governing authority and in accordance with the laws of the state provided that the authority has filed notice of the designation of agent for service of process with and paid a fee of ten dollars to the secretary of state, who shall maintain

---

[4] Article XIV, Section 47 of the Louisiana Constitution of 1921 provides, in pertinent part: "There is hereby created the Louisiana Stadium and Exposition District, hereinafter simply called the 'District', which shall be a body politic and corporate and political subdivision of the State of Louisiana composed of all of the territory in the Parishes of Orleans and Jefferson." Article XIV, Section 47 was continued as a statute after ratification of the Louisiana Constitution of 1972. *See* La. Const. Art. 14, § 16(A)(10).

4

such information with the information on agents for service of process for corporations. If no agent or agents are designated for service of process, as shown by the lack of such designation in the records of the secretary of state, citation and service may be obtained on the district attorney, parish attorney, city attorney, or any other proper officer or person, depending upon the identity of the named defendant and in accordance with the laws of the state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and the identity of the named board, commission, department, agency, or officer through which or through whom suit is to be filed against.

Accordingly, to effect service of process on LSED, Ms. Phillips was required, by La. R.S. 13:5107(B), to serve either LSED's designated agent or agents for service, or, if no agent was designated, to serve the district attorney, parish attorney, city attorney, or other proper officer and the head of the LSED Board of Commissioners. Ms. Phillips, however, only requested service on LSED through the Attorney General.

The record is devoid of any evidence that the Attorney General is LSED's designated agent for service. Indeed, LSED denies that the Attorney General is its designated agent for service. Ms. Phillips, thus, failed to comply with La. R.S. 13:5107(B)'s requirements for service on a political subdivision.

Suits against a political subdivision of the State, such as LSED, are also subject to La. R.S. 13:5107(D)(1), which provides, in pertinent part:

In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party.

The Legislature's use of the word "shall" in La. R.S. 13:5107(D)(1) indicates that a request for service of process within ninety days of filing suit was mandatory. Further, "the requirement that service upon defendant be requested within the

5

ninety-day period should reasonably be read to require: (1) an accurate request of service (2) upon the proper agent for defendant." *Thomas v. Louisiana Dep't of Pub. Safety & Corr.,* 02-0897, p. 6 (La. App. 1 Cir. 3/28/03), 848 So. 2d 635, 639.

Another pertinent provision is La. R.S. 13:5107(D)(2), which cross-references La. C.C.P. art. 1672(C). It provides:

> If service is not requested by the party filing the action within the period required in Paragraph (1) of this Subsection, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, upon whom service was not requested within the period required by Paragraph (1) of this Subsection.

Article 1672(C) provides:

> A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C) or 3955 upon the sustaining of a declinatory exception filed by such defendant, or upon contradictory motion of any other party, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.

La. C.C.P. art. 1672(C).

Applying these principles, we conclude that Ms. Phillips failed to accurately request service upon LSED within ninety days of filing her petition. The jurisprudence is well-settled that "mere confusion or inadvertence or mistake in requesting service on the part of the plaintiff's counsel is not a sufficient basis for good cause." *Liberty Mut. v. Noble* 04-727, p. 3 (La. App. 5 Cir. 11/30/04), 889 So.2d 1158, 1159 (collecting cases). Indeed, the trial court in this case recognized

this principle as applicable here, albeit citing the incorrect statutory provisions regarding service on LSED.[5]

The record, thus, supports a finding that there is no just cause for Ms. Phillips' failure to request service of process in compliance with La. R.S. 13:5107(B). As a result, the trial court, as mandated by La. R.S. 13:5107(D), did not err in dismissing her claims against LSED without prejudice. *See Johnson v. Reg'l Transit Auth.*, 00-2647, pp. 2–3 (La. App. 4 Cir. 4/18/01), 785 So. 2d 1015, 1016 ("[T]he language of the statute indicates that a trial court has no discretion to deny a motion to dismiss without prejudice when a petition against a political subdivision of the State . . . has not been served within 90 days of the date the petition is filed. No cases in Louisiana have allowed a trial court discretion to act otherwise."). Accordingly, we find no error in the trial court's judgment granting LSED's declinatory exception of insufficiency of service of process.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed.

**AFFIRMED**

---

[5] Although we find that the trial court's reliance on La. R.S. 13:5107(B) in its reasons for judgment was misplaced, we note that "[a]ppellate courts review judgments, not reasons for judgment." *Wooley v. Lucksinger*, 09-0571, 09-0584, 09-0585, 09-0586, p. 77 (La. 4/1/11), 61 So.3d 507, 572.