STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2022 CA 0740

ASHLEY N. MILLER AND DRUSILLA PARKER

VERSUS

JOSEPH P. HIRSTIUS AND AMERICAN ALTERNATIVE
INSURANCE CORPORATION

JUDGMENT RENDERED:   **MAR 1 5 2023**

* * * * * * *

Appealed from the Twenty-Second Judicial District Court
Parish of St. Tammany • State of Louisiana
Docket Number 2020-14674 • Division H

The Honorable Alan A. Zaunbrecher, Presiding Judge

* * * * * * *

Douglas M. Schmidt
Peter R. Borstell
New Orleans, Louisiana

COUNSEL FOR APPELLANTS
PLAINTIFFS—Ashley N. Miller and
Drusilla Parker


Thomas S. Schneidau
Slidell, Louisiana

COUNSEL FOR APPELLEES
DEFENDANTS—City of Slidell and
Joseph P. Hirstius

* * * * * * *

BEFORE: WELCH, PENZATO, AND LANIER, JJ.

**WELCH, J.**

We are called upon to decide the procedural question of what constitutes a valid and timely "request" for service of citation upon state entities; specifically, we must decide whether a request for service is considered timely if a plaintiff does not pay all of the sheriff's service fees within 90 days of commencing suit. Further, if service was not timely requested, we must determine whether, under La. C.C.P. art. 1672(C), good cause was shown why service could not be timely requested. In this case, plaintiffs appeal the trial court's judgment sustaining defendants' declinatory exception urging insufficiency of service of process and dismissing plaintiffs' claims against defendants, the City of Slidell and its employee, Joseph P. Hirstius, without prejudice. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

On November 2, 2020, plaintiffs, Ashley N. Miller and Drusilla Parker, fax-filed a petition for damages to the Twenty-Second Judicial District Court for the Parish of St. Tammany. The petition named the City of Slidell ("the City"); its employee, Joseph P. Hirstius; and its insurer, American Alternative Insurance Company ("AAIC"), as defendants. The petition included a request for service of citation on all three defendants.[1] That same day, plaintiffs received a fax confirmation from the clerk of court advising that the "total amount" of $535.00 was due within seven days, exclusive of legal holidays. Plaintiffs timely mailed a copy

---

[1] The request for service stated:

PLEASE SERVE:
1) The Defendant Joseph P. Hirstius
   2112 Sgt. Alfred Dr.
   Slidell, LA 70458
2) The Defendant City of Slidell, through its Chief Executive Officer
   The Honorable Greg Cromer, Mayor
   2055 Second Street
   Slidell, LA 70460
3) The Defendant American Alternative Insurance Company
   Through the Louisiana Secretary of State
   8585 Archives Ave, Baton Rouge, LA 70809

of their original petition and a check in the amount of $535.00 to the clerk of court. The clerk of court received plaintiffs' original petition and the $535.00 check two days later on November 4, 2020, and generated a receipt acknowledging payment.

Approximately one month later, on December 1, 2020, the clerk of court issued the citations to be served on the three defendants. On December 2, 2020, the St. Tammany Parish Sheriff's Office ("sheriff") sent an email to a private email address purportedly owned by plaintiffs' counsel in his private capacity. The body of the email stated, "Please see the attached letter." The attached letter stated that sheriff's service fees in the amount of $77.10 were due and that failure to pay the fees would result in a return of the citations to the clerk of court.

On December 9, 2020, the Sheriff for East Baton Rouge Parish served AAIC though its agent for service of process, the Louisiana Secretary of State. On December 31, 2020, defense counsel emailed plaintiffs' counsel, noting his belief that the City and Mr. Hirstius had not yet been served, but that AAIC had been served. On January 5, 2021, the sheriff sent a second email to plaintiffs' counsel at the same private email address. Like the first email, an attached letter notified plaintiffs' counsel that sheriff's service fees were due. This time, the attached letter indicated that $66.84 was due.

The sheriff held the two citations for another month. Then on February 4, 2021—94 days after plaintiffs requested service—the sheriff returned the citations for the City and Mr. Hirstius to the clerk of court. The returned citations included a page stamped "RTC INSUFFICIENT FUNDS TO PROCESS" and were filed into the record.

On February 8, 2021—98 days after plaintiffs requested service—the clerk of court mailed plaintiffs notices that the sheriff returned the citations for the City and Mr. Hirstius to its office due to insufficient funds. The clerk of court requested "further service instructions."

Prior to receipt of the "insufficient funds" notices mailed by the clerk of court, the parties had entered into settlement negotiations. For the next five months, the parties attempted to settle plaintiffs' claims, during which all parties agreed to an "indefinite extension" to file responsive pleadings, as shown by an email sent by defense counsel to plaintiffs' counsel dated March 11, 2021. Once settlement negotiations broke down, defendants filed an answer and affirmative defenses. The City and Mr. Hirstius also filed a declinatory exception raising the objection of insufficiency of service of process on July 27, 2021—approximately 267 days after suit was filed. Therein, defendants argued that plaintiffs failed to request service on the City and Mr. Hirstius *and* pay the service fees within 90 days of filing suit under La. C.C.P. art. 1201(C) and La. R.S. 13:5107(D).

On August 9, 2021—280 days after suit was filed—plaintiffs requested re-issuance of the citations for service on the City and Mr. Hirstius and paid $200.00 to the clerk of court. Mr. Hirstius was personally served on September 28, 2021—330 days after suit was filed.

However, the sheriff again emailed plaintiffs' counsel's private email address to inform him that outstanding sheriff's service fees in the amount of $6.80 were due. On October 12, 2021, the clerk of court mailed plaintiffs a notice that the sheriff had returned the citation for the City due to insufficient funds. The clerk of court requested "further service instructions." On October 26, 2021, plaintiffs requested the re-issuance of the citation for service on the City and paid $145.00 to the clerk of court relative thereto. On November 24, 2021—387 days after plaintiffs' suit was filed—the City was served through its agent for service of process, the Mayor of the City of Slidell.

Plaintiffs filed oppositions to the defendants' exception, arguing that they acted in good faith by requesting service of citation on all defendants within 90 days of filing suit and paying the $535.00 "total amount" as directed by the clerk of court.

4

Plaintiffs' counsel argued that when hand-delivering original petitions to the clerk of court, he "always brings additional pleadings and checks in case a problem arises such as the [sheriff] needs to be paid service fees," but in this case, he was prevented from entering the clerk of court's office in person due to COVID-19 restrictions, so he had to mail the original petition and a $535.00 check to the clerk of court. Plaintiffs contended that at the time of filing, they "were never informed that separate fees were due the sheriff's office until the ninety[-]day period ran." (Emphasis removed). The plaintiffs further argued that the same attorney represented all three defendants, so once AAIC was formally served, all defendants "had formal notice of this litigation." Finally, plaintiffs averred that the parties agreed to "stay all proceedings while they worked on a settlement of the case," thereby waiving citation and service.

The trial court held a hearing on defendants' exception on January 27, 2022, and sustained the exception. The trial court signed a judgment on February 11, 2022, in conformity with its oral ruling, sustaining the declinatory exception raising the objection of insufficiency of service of process filed by the City and Mr. Hirstius and dismissing those defendants without prejudice.[2] The plaintiffs now appeal.[3]

---

[2] Defendants argue that because the trial court's judgment disposes of only two out of the three defendants, it is a partial judgment that is not subject to an immediate appeal absent a designation by the court after an express determination that there is no just reason for delay. However, pursuant to La. C.C.P. art. 1915(A)(1), where a party is dismissed from a suit, the judgment is final and there is no requirement for a designation of finality. See **Cavalier v. Rivere's Trucking, Inc.,** 2003-2197 (La. App. 1st Cir. 9/17/04), 897 So.2d 38, 40; **Bridges v. Smith,** 2001-2166 (La. App. 1st Cir. 9/27/02), 832 So.2d 307, 309 n.4, writ denied, 2002-2951 (La. 2/14/03), 836 So.2d 121. Accordingly, we find that the trial court's February 11, 2022 judgment is a final, appealable judgment.

[3] Plaintiffs timely filed a petition for suspensive appeal on March 2, 2022. The trial court signed an order of appeal on March 14, 2022, notice of which was transmitted by the clerk of court to the parties on March 25, 2022. In accordance with La. C.C.P. arts. 2127 and 2128, plaintiffs designated portions of the record to constitute the record on appeal. See Uniform Rules, Courts of Appeal, Rules 2–1 to 2-1.16; **Bezet v. Original Libr. Joe's, Inc.,** 2001-1586 (La. App. 1st Cir. 6/21/02), 835 So.2d 472, 475.

## LAW AND DISCUSSION

Plaintiffs argue the trial court erred in sustaining defendants' declinatory exception raising the objection of insufficiency of service of process. Plaintiffs contend that they timely fax-filed their petition for damages and complied with all requirements of La. R.S. 13:850. Plaintiffs further argue they validly and timely requested service of citations within 90 days of commencing their suit against defendants, in accordance with La. C.C.P. art. 1201(C) and La. R.S. 13:5107(D).

On appeal, the trial court's dismissal of a suit for failure of the plaintiff to timely request service is subject to the manifest error standard of review. **Jones v. Iberville Parish Council**, 2012-0391 (La. App. 1st Cir. 11/2/12), 111 So.3d 83, 85. Under the manifest error standard, in order to reverse a trial court's determination of fact, an appellate court must review the record in its entirety and find that (1) a reasonable factual basis does not exist for the finding, and (2) the record establishes that the factfinder is clearly wrong or manifestly erroneous. **Allerton v. Broussard**, 2010-2071 (La. 12/10/10), 50 So.3d 145, 147. However, when the facts are not disputed and the issue before this Court is whether the trial court properly interpreted and applied the law, the standard of review for questions of law is simply a review of whether the trial court was legally correct or incorrect. **Lathan Company, Inc. v. Division of Administration**, 2017-0396 (La. App. 1st Cir. 1/24/19), 272 So.3d 1, 4, writ denied, 2019-0331 (La. 4/29/19), 268 So.3d 1036.

Louisiana Code of Civil Procedure article 1201(C) provides:

> Service of the citation shall be requested on all named defendants within ninety days of commencement of the action. When a supplemental or amended petition is filed naming any additional defendant, service of citation shall be requested within ninety days of its filing, and the additional defendant shall be served with the original petition and the supplemental or amended petition. The defendant may expressly waive the requirements of this Paragraph by any written waiver. The requirement provided by this Paragraph shall be expressly waived by a defendant unless the defendant files, in accordance with

the provisions of Article 928, a declinatory exception of insufficiency of service of process specifically alleging the failure to timely request service of citation.

In particular, La. R.S. 13:5107(D)(1) and (2) govern the requisite period of service of citation on a political subdivision or employee thereof, such as the City and Mr. Hirstius.[4] As set forth in La. R.S. 13:5107(D)(1), in pertinent part:

> In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party.

Furthermore, "[i]f service is not requested by the party filing the action within the [90-day] period…the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the…political subdivision…upon whom service was not requested within the [90-day] period[.]" La. R.S. 13:5107(D)(2). Louisiana Code of Civil Procedure article 1672(C) provides:

> A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C) or 3955 upon the sustaining of a declinatory exception filed by such defendant, or upon contradictory motion of any other party, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.

None of these statutes require that a defendant *actually* be served within 90 days of the plaintiff's filing of the petition—only that service be "requested." See **Lockett v. Reese**, 2004-0328 (La. App. 4th Cir. 4/28/04), 874 So.2d 913, 916. Louisiana Code of Civil Procedure article 1202 sets out the requirements for a valid citation and service:

---

[4] According to La. R.S. 13:5102(B)(1), the City is classified as a political subdivision, and as such, service in accordance with La. R.S. 13:5107(D)(1) applies to the City and its employee.

7

The citation must be signed by the clerk of the court issuing it with an expression of his official capacity and under the seal of his office; must be accompanied by a certified copy of the petition, exclusive of exhibits, even if made a part thereof; and must contain the following:

(1) The date of issuance;

(2) The title of the cause;

(3) The name of the person to whom it is addressed;

(4) The title and location of the court issuing it; and

(5) A statement that the person cited must either comply with the demand contained in the petition or make an appearance, either by filing a pleading or otherwise, in the court issuing the citation within the delay provided in Article 1001 under penalty of default.

Under La. C.C.P. art. 1202, the request for service is made to the clerk of court, *not* the sheriff. **Parker v. Rite Aid Corp.,** 2003-0208 (La. App. 4th Cir. 3/26/03), 843 So.2d 1140, 1140-41, writ denied, 2003-1152 (La. 6/20/03), 847 So.2d 1237.

Although La. R.S. 13:5107(D)(1) clearly requires that service of citation be "requested" within 90 days of the commencement of the action, the statute does not specify the manner of making such request or when a request is deemed to be made. **Tranchant v. State,** 2008-0978 (La. 1/21/09), 5 So.3d 832, 835. In the absence of such specificity, plaintiffs in the instant matter argue that service was requested on November 2, 2020, the date plaintiffs filed their petition with the clerk of court by facsimile transmission. The record on appeal reflects that plaintiffs complied with all fax-filing requirements pursuant to La. R.S. 13:850. Defendants, on the other hand, argue that because plaintiffs failed to pay the sheriff's service fees with respect to service of the citations for the City and Mr. Hirstius within 90 days of filing suit, plaintiffs failed to validly and timely request service. Defendants contend that La. C.C.P. art. 1201(C) and La. R.S. 13:5107(D) require that a "request" for service be accompanied with payment of the service fees *or* an order granting pauper status. In support of their position that service of citation is not considered "requested" until

8

the clerk of court receives a request for service *and* payment of the required fees *or* an order granting pauper status, defendants cite **Methvien v. Our Lady of the Lake,** 2020-1081 (La. App. 1ˢᵗ Cir. 4/16/21), 318 So.3d 329, 332, which relies on the holding in **Jenkins v. Larpenter,** 2004-0318 (La. App. 1ˢᵗ Cir. 3/24/05), 906 So.2d 656, 659, writ denied, 2005-1078 (La. 6/17/05), 904 So.2d 711.[5]

To determine whether plaintiffs timely requested service, we must ascertain what constitutes a "request" for service pursuant to La. C.C.P. art. 1201(C) and La. R.S. 13:5107(D). The Louisiana Supreme Court answered this question in **Tranchant** when it declared "the ordinary meaning of the word 'request,' without more, contemplates a two-party transaction involving one who asks that something be done and one who does what is asked. Thus, for purposes of La. R.S. 13:5107(D)(1), service of citation should be deemed 'requested' when the clerk receives service instructions from the plaintiff."[6] **Tranchant,** 5 So.3d at 836. This Court recently took that declaration one step further in **Methvien.** In that case, this Court held that a patient did not timely request service of citation on the defendant hospital within 90 days of commencing a medical malpractice action under La. C.C.P. art. 1201(C) because the patient did not pay the necessary service fees to the

---

[5] The **Jenkins** court considered whether an inmate's request for service was valid and timely under La. R.S. 13:5107(D). The inmate requested service of the petition on the defendants and simultaneously filed a request to proceed *in forma pauperis*. **Jenkins,** 906 So.2d at 657. The trial court denied inmate's pauper application and sent him notice of the denial. Thereafter, the defendant moved to dismiss inmate's suit for failure to timely request service; the trial court granted the dismissal. In affirming the trial court's dismissal of inmate's suit for failure to timely request service on the defendant, the **Jenkins** court held that "a request for service without payment of **required fees,** or without leave of court excusing such payment because of pauper status, simply is no proper request at all." **Jenkins,** 906 So.2d at 659 (emphasis added). The **Jenkins** court noted that inmate's service request was not accompanied by payment of any required fees—neither clerk of court filing fees nor sheriff's service fees—and that inmate had been denied pauper status. Moreover, inmate failed to pay any fees for "well over ten months" after receiving notice of the denial of his request to proceed *in forma pauperis,* and no good cause was shown for such a failure. **Jenkins,** 906 So.2d at 659.

[6] It should be noted that there are stark differences between **Tranchant** and the present matter— namely, Mr. Tranchant's attorney initially requested that service be withheld, while in the case before us, service was never withheld. Further, the core issue in **Tranchant** was whether the 90-day time limit is satisfied when a letter containing service instructions is *mailed* versus when a letter containing service instructions is *received* by the clerk of court. See **Tranchant,** 5 So.3d at 833, 835.

9

sheriff until after the 90-day period for service lapsed. **Methvien,** 318 So.3d at 332. The plaintiff in **Methvien** fax-filed a petition for damages that included a request that the defendant be served through its agent for service of process. The plaintiff received a fax confirmation from the clerk of court, noting that the plaintiff owed $487.00 in filing fees. There was a line on the fax confirmation to list any fees owed to the sheriff for service; however, that line was blank. The plaintiff paid the $487.00 to the clerk of court as provided on the fax confirmation. Nearly seven months later, the defendant filed an exception of insufficiency of service of process and motion for involuntary dismissal in which it asserted that the plaintiff failed to properly request service of process within 90 days of the commencement of the action. In support of its exception, the defendant submitted a notice mailed by the clerk of court ("Message Reply") to the plaintiff's counsel approximately ten days after he filed suit, which indicated that the plaintiff owed additional sheriff's service fees in the amount of $40.08. **Methvien,** 318 So.3d at 331-32. The plaintiff's counsel denied receiving the "Message Reply" notice from the clerk of court. **Methvien,** 318 So.3d at 334. After a hearing, the trial court sustained the defendant's exception, granted its motion for involuntary dismissal, and dismissed all of the plaintiff's claims against the defendant without prejudice. **Methvien,** 318 So.3d at 332. On appeal, this Court noted that "[s]ervice of citation is not considered requested until the clerk receives a request for service *and* payment of the required fees or an order granting pauper status." **Methvien,** 318 So.3d at 332 (citing **Jenkins,** 906 So.2d at 658-59) (Emphasis added). Since it was undisputed that the plaintiff failed to pay the fees to the sheriff's office within 90 days of filing the petition, this Court held service was not timely and affirmed the trial court. **Methvien,** 318 So.3d at 332.

The **Methvien** court interpreted **Jenkins** to require timely payment of all fees owed, including service fees to the sheriff. In the instant case, the trial court found that plaintiffs *requested* service in their petition but did not *pay* the service fees to

10

the sheriff within 90 days of filing their petition. The City and Mr. Hirstius were not served until after they filed the exception, which was approximately 387 and 330 days, respectively, after plaintiffs' petition was filed. Thus, the trial court, like the court in **Methvien**, concluded that service was not requested within 90 days of the suit's commencement because payment of the required sheriff's fees was not timely. In light of this Court's ruling in **Methvien**, we find no error in the trial court's finding that service was not timely requested.[7]

Upon sustaining the exception, the trial court was obligated under La. C.C.P. art. 1672(C) to dismiss plaintiffs' claims against the City and Mr. Hirstius without prejudice, unless good cause was shown why service could not be requested. Therefore, we must next determine whether the trial court erred in finding that no good cause was shown. As stated by this Court in **Methvien**, 318 So.3d at 333-34:

> Although "good cause" is not defined in the article, Louisiana courts have strictly construed the good cause requirement. **Barnett v. Louisiana State University Medical Center-Shreveport**, 2002-2576 (La. 2/7/03), 841 So.2d 725, 726; **Jones**, 111 So.3d at 85. Confusion over proper service information or inadvertence by the plaintiff's counsel are not enough to support a finding of good cause. See **Norbert v. Loucks**, 2001-1229 (La. 6/29/01), 791 So.2d 1283, 1285.
>
> ***
>
> The jurisprudence has consistently placed some responsibility on the party and attorney and found no good cause under La. Code Civ. P. art. 1672(C) when the attorney could have taken steps to verify service, particularly after a long period of time.

When, on the face of the pleadings, the 90-day time limit for requesting service has been exceeded without request, the burden of proof is upon the party alleging "good cause" to show "why service could not be requested." La. C.C.P. art. 1672(C);

---

[7] This Court is bound by the law of the circuit to follow our prior decisions. See **Garrett v. K & B Machine Works, Inc.**, 2015-1381 (La. App. 1st Cir. 2/26/16), 191 So.3d 1074, 1076, writ denied, 2016-0581 (La. 6/17/16), 194 So.3d 1110.

11

**Freeman v. Ochsner Clinic Foundation**, 2020-283 (La. App. 5th Cir. 11/10/20), 307 So.3d 335, 337.

Plaintiffs cited several cases that have addressed what constitutes good cause under La. C.C.P. art. 1672(C). In **Anyanwu v. University Medical Center Management Corp.**, 2015-0066 (La. App. 1st Cir. 9/21/15), 2015 WL 5547480 at *2 (unpublished), Ms. Anyanwu filed a petition for damages against the Sheriff for East Baton Rouge Parish, among other defendants, and attached an *in forma pauperis* affidavit with her petition, which was ultimately denied. Thereafter, Ms. Anyanwu submitted payment of $710.00 to the clerk of court approximately 78 days after filing her petition. The sheriff was not served, however, until 207 days after Ms. Anyanwu filed her petition; accordingly, he filed a declinatory exception of insufficiency of service of process, which the trial court sustained. This Court reversed, finding that Ms. Anyanwu paid all fees necessary to serve the defendants named in her petition within the 90-day period. The sheriff, who was not served within 90 days, had incorrectly argued on appeal that the service fees were not paid within the 90-day period. **Anyanwu**, 2015 WL 5547480 at *2-3. In **Anyanwu**, all necessary fees were paid by the plaintiff within 90 days of filing suit to effect service; in the present case, however, not all necessary fees were paid by the plaintiffs within 90 days of filing suit to effect service. Therefore, **Anyanwu** has no bearing on the case before us.

Plaintiffs also cite **Covington v. Town of Jackson**, No. CV-19-201-JWD-RLB (M.D. La. 2/20/20), 2020 WL 838293 at *2 (unpublished). In that case, Mr. Covington filed his petition for damages against a political subdivision and its employee; he also requested to proceed *in forma pauperis*. The clerk of court sent Mr. Covington a bill for $174.50, which he promptly paid. Approximately 146 days after filing his petition and receiving no answer from the defendants, Mr. Covington inquired with the clerk of court, who informed him that an additional $325.00 was

due to complete service. Mr. Covington paid the additional fee that same day and service of his petition was effectuated on the defendants 155 days after filing. The defendants removed the case to federal court and sought dismissal of Mr. Covington's suit for insufficient service of process. Applying Louisiana law, the federal district court denied the defendants' motion to dismiss, finding that Mr. Covington "took sufficient steps to request service on the [d]efendants under [La. R.S.] 13:5107, although an error may have resulted in the lack of actually affecting service." **Covington,** 2020 WL 838293 at *6.

In addition to being non-binding on this Court, **Covington** is distinguishable from the instant matter for several reasons. First, **Covington** involved an order granting pauper status, which is not at issue here. Second, there is no indication that Mr. Covington ever received any notice he owed outstanding service fees or that there were issues with service during the 90 days after he filed suit. In the instant case, however, the record reflects (and does not contain any evidence to refute) that both sheriff and defense counsel emailed plaintiffs' counsel to inform him that sheriff's service fees were outstanding and that service of the citations on the City and Mr. Hirstius had not been effected. Finally, Mr. Covington actively took steps to verify whether service had occurred, whereas the record before us is devoid of any evidence that plaintiffs took any steps to verify service on the City and Mr. Hirstius until long after being notified that service fees were outstanding.[8]

When the **Methvien** court was called to determine whether the plaintiff demonstrated "good cause" as contemplated under La. C.C.P. art. 1672(C), it could not determine whether the plaintiff's attorney received the clerk of court's "Message

---

[8] In addition to **Anyanwu** and **Covington**, plaintiffs also cite **Walker v. GoAuto Ins. Co.,** 2020-0331 (La. App. 4th Cir. 6/10/21), 323 So.3d 918, 919. **Walker,** however, concerns a finding that service was timely requested in compliance with La. C.C.P. art. 1201(C) and explicitly stated that it need not address "good cause." See **Walker,** 323 So.3d at 923. As we stated previously, we find that service was not timely requested in light of this Court's prior ruling in **Methvien.** Accordingly, we do not find this case instructive as to good cause.

Reply" regarding the payment of additional fees based on the evidence in the record. The **Methvien** court noted, however, that the record did show that the defendant was not served until seven months after the plaintiff filed his petition and that the plaintiff did not ascertain the status of service until the defendant's exception was filed. The **Methvien** court stated, "The jurisprudence has consistently placed some responsibility on the party and attorney and found no good cause under [Article] 1672(C) when the attorney could have taken steps to verify service, particularly after a long period of time." **Methvien**, 318 So.3d at 334. Based on the evidence in the record in the case before us, we also cannot determine whether plaintiffs' counsel received the email from the sheriff's office nor are we able to determine whether plaintiffs' counsel attempted to ascertain the status of service prior to the filing of defendants' exception. The only thing clear from the record on appeal is that defendants were not served within the 90-day period to effect service. We cannot say under the circumstances presented herein that plaintiffs proved "good cause."

Furthermore, plaintiffs' argument that the COVID-19 protocols established by the Louisiana Supreme Court—as followed by the Twenty-Second Judicial District Court and the clerk of court's office—prevented or interfered with plaintiffs' counsel's ability to contact the clerk of court's office is likewise not considered "good cause." The COVID-19 protocols did not prevent plaintiffs' counsel from telephoning, emailing, or mailing correspondence to the clerk of court to confirm that service of the citations had occurred—especially in light of defense counsel's December 31, 2020 email to plaintiffs' counsel, noting his belief that the City and Mr. Hirstius had not been served. Thus, any COVID-19 protocols in place at the time of filing do not establish "good cause."

As to their argument that the parties were engaged in settlement negotiations and agreed to an "indefinite extension" to file responsive pleadings, plaintiffs presented no evidence at the hearing on defendants' exception that would constitute

a written waiver of service by the defendants, as is required under La. C.C.P. art. 1201(B) and (C),[9] nor does any such written waiver appear in the record. The March 11, 2021 email, sent by defense counsel to plaintiffs' counsel, which indicated that all parties had agreed to an "indefinite extension" to file responsive pleadings, contains no stated intention by defendants to waive service of citation. Accordingly, defendants' actions do not constitute an express written waiver of citation and service, as is required under La. C.C.P. art. 1201(B) and (C). See **Igbinoghene v. St. Paul Travelers Ins. Co.**, 2011-0124 (La. 4/4/11), 58 So.3d 452, 453 (*per curiam*) (quoting **Filson v. Windsor Court Hotel**, 2004-2893 (La. 6/29/05), 907 So.2d 723, 729 ("[T]he mere act of filing an answer and participating in discovery does not constitute an express written waiver of citation and service as contemplated by La. C.C.P. art. 1201(C).")). Similarly, defendants' actual knowledge of the filing of plaintiffs' suit does not obviate the need for service. See **Igbinoghene**, 58 So.3d at 453 (quoting **Naquin v. Titan Indemnity Co.**, 2000-1585 (La. 2/21/01), 779 So.2d 704, 710 ("[I]t is well-accepted that even a defendant's actual knowledge of a legal action cannot supply the want of citation because proper citation is the foundation of all actions.")).

Therefore, we find plaintiffs failed to carry their burden of demonstrating "good cause" for failure to timely effect service and find no error in the trial court's judgment sustaining defendants' exception of insufficient service of process.

---

[9] Louisiana Code of Civil Procedure article 1201(B) provides, "The defendant may expressly waive citation and service thereof by any written waiver made part of the record." Furthermore, La. C.C.P. art. 1201(C) provides:

> Service of the citation shall be requested on all named defendants within ninety days of commencement of the action. When a supplemental or amended petition is filed naming any additional defendant, service of citation shall be requested within ninety days of its filing, and the additional defendant shall be served with the original petition and the supplemental or amended petition. The defendant may expressly waive the requirements of this Paragraph by any written waiver. The requirement provided by this Paragraph shall be expressly waived by a defendant unless the defendant files, in accordance with the provisions of Article 928, a declinatory exception of insufficiency of service of process specifically alleging the failure to timely request service of citation.

**DECREE**

We affirm the trial court's February 11, 2022 judgment, sustaining the declinatory exception raising the objection of insufficiency of service of process filed by the defendants, the City of Slidell and Joseph P. Hirstius, and dismissing those defendants, without prejudice. All costs of this appeal are assessed to plaintiffs, Ashley N. Miller and Drusilla Parker.

**AFFIRMED.**