CHRYSTAL KAUFMAN

VERSUS

DR. DANIEL DEAKTER

NO. 24-C-10

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 805-544, DIVISION "I"
HONORABLE NANCY A. MILLER, JUDGE PRESIDING

March 06, 2024

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and John J. Molaison, Jr.

**WRIT GRANTED; CASE DISMISSED WITHOUT PREJUDICE**
   **JJM**
   **SMC**
   **FHW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR DEFENDANT/RELATOR,
DR. VU A. VUONG; DR. TROY DREWITZ; DR. GERALD LIUZZA;
CAROLYN STORCK, APRN; AND OCHSNER MEDICAL
CENTER'WESTBANK LLC
    Nadia M. de la Houssaye
    Carmen M. Rodriguez

COUNSEL FOR DEFENDANT/RESPONDENT,
DR. DANIEL DEAKTER
    Halley S. Carter
    Nairda T. Colon

COUNSEL FOR PLAINTIFF/RESPONDENT,
CHRYSTAL KAUFMAN
    Jaymeski S. Pullins-Gorham

**MOLAISON, J.**

The relators, Dr. Vu Vuog, Dr. Troy Drewitz, Dr. Gerald Liuzza, Carolyn Storck, APRN, and Ochsner Medical Center - Westbank, LLC, seek review of the trial court's December 19, 2023 judgment that denied their declinatory exception of insufficiency of citation and service of process. For the reasons that follow, this writ application is granted, the judgment of the trial court is reversed, and plaintiff's claims are dismissed without prejudice.

## PROCEDURAL HISTORY

On June 19, 2019, the plaintiff/respondent, Chrystal Kaufman, filed a complaint with the Louisiana Patient's Compensation Fund against all of the relators, as well as Dr. Daniel Deakter, requesting that a medical review panel be convened to review her allegations of negligence against them. On March 25, 2020, after having been informed that Dr. Deakter was not covered under the Louisiana Medical Malpractice Act, the plaintiff filed a petition for damages in the district court against Dr. Deakter, alleging malpractice during his treatment of the plaintiff.[1] On January 6, 2022, the medical review panel rendered its opinion regarding the relators in the medical review panel proceeding. Around six months later, on July 18, 2022, the plaintiff filed an amended petition for damages alleging negligence against the relators as well as Dr. Deakter. The amended petition indicates, "Service will be requested at a later time." On October 17, 2022, the plaintiff requested that service of this petition be made on the attorney who represented the relators in the medical review panel proceeding. On October 25, 2022, after having been informed that the attorney and the law firm that represented the relators in the medical review panel proceedings would not accept service for this civil proceeding, the plaintiff requested that the relators be served

---

[1] On November 10, 2022, Dr. Deakter's exception of insufficiency of service of process was granted and the petition against him was dismissed without prejudice. Dr. Deakter is not a party to this writ application.

at their place of business. Dr. Vuong, Dr. Drewitz, and Ochsner were served at their place of business. The return on service indicates that Drs. Deakter and Liuzza and Ms. Storck no longer worked at Ochsner and were not served. On November 10, 2022, the plaintiff filed a second amended petition, which stated the allegations of negligence and resulting damages with more specificity but did not name any additional defendants. Drs. Vuong and Drewitz and Ochsner were served at their place of business. The return of service indicates that Drs. Liuzza and Deakter and Ms. Storck were no longer working at Ochsner and were not served. On February 6, 2023, the plaintiff filed a motion to appoint a private process server to serve Drs. Liuzza and Deakter, and Ms. Storck.

On March 7, 2023, the relators filed a declinatory exception of insufficiency of citation and service of process. This exception was heard by the trial court on November 15, 2023. On December 19, 2023, the trial court issued a written judgment denying the exception. This timely writ application followed.

## LAW AND DISCUSSION

The sole issue before this Court is the sufficiency of service of the petitions on the relators. Where, as here, the facts are not disputed, the ruling on exceptions of insufficiency of citation and service of process is subject to a *de novo* standard of review. Brown v. Chesson, 20-00730 (La. 3/24/21), 315 So.3d 834, 836.

Louisiana Code of Civil Procedure article 1201(C) provides:

> Service of the citation shall be requested on all named defendants within ninety days of commencement of the action. When a supplemental or amended petition is filed naming any additional defendant, service of citation shall be requested within ninety days of its filing, and the additional defendant shall be served with the original petition and the supplemental or amended petition. The defendant may expressly waive the requirements of this Paragraph by any written waiver. The requirement provided by this Paragraph shall be expressly waived by a defendant unless the defendant files, in accordance with the provisions of Article 928, a declinatory exception of insufficiency of service of process specifically alleging the failure to timely request service of citation.

The necessity for a plaintiff's timely request of service is fundamental and warrants strict compliance, just as the fundamental requirements for filing an action must be strictly followed. Lucien v. Carter, 17-1069 (La. App. 1 Cir. 5/31/18), 251 So.3d 540, 543.

The writ application indicates that in this case, the plaintiff did not name the relators in the original petition; rather, she added them as defendants in the first amended petition. Pursuant to Article 1201, the plaintiff was required to request service of the original petition and the first amended petition no later than Monday, October 17, 2022, which was the 91st day after the filing of the first amended petition. While the plaintiff did request service timely, the plaintiff requested service on the attorney who had represented the relators in the medical review panel proceeding. Requesting service on the attorney and/or law firm that represented the relators in the medical review panel proceedings did not satisfy the La. C.C.P. art. 1201 service requirement. Gilly v. Ricciardi, 21-381 (La. App. 5 Cir. 4/13/22), 339 So.3d 80, 86, writ denied, 22-00773 (La. 10/4/22), 347 So.3d 887. The requirement that service on the defendant be requested within the 90-day time period prescribed by La. C.C.P. art. 1201(C) requires an accurate request for service upon the proper agent of the defendant. Barnett v. Louisiana State University Medical Center-Shreveport, 02-2576 (La. 2/7/03), 841 So.2d 725, 726.

On October 25, 2022, the plaintiff requested that the relators be served at their place of business, i.e., Ochsner Westbank. According to La. C.C.P. art. 1672(C), a declinatory exception of improper service should not be sustained if the plaintiff can show "good cause" why proper service could not be requested. Thus, because the service requested on October 17, 2022 did not comply with La. C.C.P. art. 1201, the plaintiff must show "good cause" for not timely and properly requesting service. "Good cause" is not defined by article 1672(C). However, it is well established in our jurisprudence that confusion or inadvertence or mistake in

requesting service on the part of the plaintiff's counsel is not a sufficient basis for finding good cause. Liberty Mut. v. Noble, 04-727 (La. App. 5 Cir. 11/30/04), 889 So.2d 1158, 1159. The "good faith" requirement of La. C.C.P. art. 1672(C) is strictly construed and is reasonably read as requiring an accurate request of service upon the proper agent for the defendant. Barnett, supra.

The law is clear that requesting service on counsel who previously represented the defendants in the medical review panel proceeding does not meet the requirements of La. C.C.P. art. 1201. The plaintiff in this matter has not shown good cause why service of the petition and the first amended petition could not be properly requested.

As discussed above, on November 10, 2022, plaintiff filed a second amended petition which did not add additional defendants.

In opposition to the relators' exception of improper service of process, the plaintiff argued that the deadline for service should run from the filing of that second amended petition. We find no merit to this argument.

The plaintiff filed the second amended petition on November 10, 2022. On February 6, 2023, 88 days later, the plaintiff requested service of process of the original petition, the first amended petition, and the second amended petition. However, the documents submitted with this writ application indicate that at the time service was requested, the plaintiff did not provide the Clerk of Court with either the fees necessary for the Clerk to provide copies for use in service of process or the service copies themselves. Rather, these documents indicate that the plaintiff informed the Clerk that she would "provide the Clerk with all necessary copies" of the pleadings to be served. These documents indicate that copies of the pleadings to be served were hand-delivered to the Clerk of Court on February 14, 2023, 96 days after the second amended petition was filed. The request for service

further stated that a "motion to appoint a private processor to execute said service" was being filed simultaneously.

A valid request for service is made when the clerk receives the request for service and can then act on it. <u>Tranchant v. State</u>, 08-0978 (La. 1/21/09), 5 So.3d 832, 838. Here, the plaintiff requested service by the clerk, but stated that copies of the pleadings to be served would be provided. These copies were not provided until after the 90-day time period had run. The clerk could not act on the request for service, thus, the request for service made on February 6, 2023 was not valid, and therefore, did not meet the 90-day deadline imposed by La. C.C.P. art. 1201.

## CONCLUSION

For the foregoing reasons, the December 19, 2023 judgment denying the relators' declinatory exception of insufficiency citation and service is reversed. Judgment is hereby entered granting the relators, Dr. Vu Vuog, Dr. Troy Drewitz, Dr. Gerald Liuzza, Carolyn Storck, APRN, and Ochsner Medical Center - Westbank, LLC, declinatory exception of insufficiency of citation and service, and dismissing the plaintiff's claims against the relators without prejudice.

**<u>WRIT GRANTED; CASE DISMISSED WITHOUT PREJUDICE</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **MARCH 6, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 24-C-10

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE NANCY A. MILLER (DISTRICT JUDGE)
CARMEN M. RODRIGUEZ (RELATOR)      NADIA M. DE LA HOUSSAYE (RELATOR)      HALLEY S. CARTER (RESPONDENT)
JAYMESKI S. PULLINS-GORHAM
(RESPONDENT)

### MAILED
NAIRDA T. COLON (RESPONDENT)
ATTORNEY AT LAW
1100 POYDRAS STREET
SUITE 3700
NEW ORLEANS, LA 70163